UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

EDMUNDO AMPARAN and
KIMBERLY L. AMPARAN,

    Plaintiffs,

v.                                                   No.:  1:15-CV-00045

MEVLUT BERKAY DEMIR, DENIZCAN
KARADENIZ, AND AVIS RENT A CAR
SYSTEM, LLC, A DELAWARE LIMITED
LIABILITY COMPANY,

    Defendants.

## NOTICE OF REMOVAL

Defendant Avis Rent A Car System, LLC, through its attorneys, Allen, Shepherd, Lewis & Syra, P.A., hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441, and in support thereof, states as follows:

1. Plaintiffs Edmundo Amparan and Kimberly Amparan ("Plaintiffs") filed their Complaint for Personal Injury Due to Negligence, Negligence Per Se, and Negligent Entrustment and for Loss of Consortium ("Complaint") in the Second Judicial District, County of Bernalillo, in Cause No. D-202-CV2014-07314 on November 24, 2104.  The Complaint is attached as Exhibit A.

2. Defendant Avis Rent A Car Systems, LLC is a Delaware company with its principle place of business in the state of New Jersey.

3. Pursuant to 28 U.S.C. § 1441(b), Avis Rent A Car Systems, LLC is not a citizen of New Mexico.

4. Upon information and belief, Defendant Mevlut Berkay Demir is a Turkish national who has permanent residence in the country of Turkey. Pls.' Compl. ¶ 4.

5. Pursuant to 28 U.S.C. § 1441(b), Mevlut Berkay Demir is not a citizen of New Mexico.

6. Upon information and belief, Defendant Denizcan Karadeniz is a Turkish national who temporarily resides in the State of Arizona.

7. Pursuant to 28 U.S.C. § 1441(b), Denizcan Karadeniz is not a citizen of New Mexico.

8. Upon information and belief, Plaintiff Edmundo Amparan is a resident of the state of New Mexico.

9. Upon information and belief, Plaintiff Kimberly L. Amparan is a resident of the state of New Mexico.

10. Pursuant to 28 U.S.C. § 1332(a), diversity of citizenship exists between all parties.

11. Plaintiffs' Complaint includes four counts, negligence, negligence per se, negligent entrustment, and loss of consortium. Plaintiffs' Complaint generally alleges that the negligent driving of Mr. Demir and Mr. Karadeniz caused the accident and that Avis Rent A Car Systems negligently entrusted the vehicles to Mr. Demir and Mr. Karadeniz. Pls.' Compl. ¶¶ 45, 55.

12. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy for Plaintiff's claims exceeds $75,000.00 exclusive of interest and costs. While the jurisdictional amount is not specifically alleged, courts may consider the substance and nature of the injuries and damages alleged in determining whether it is "more likely than not" that the amount in controversy is met.

*Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305–06 (D.N.M. 2001). A complaint alleging "a combination of facts and theories of recovery that may support a claim in excess of $75,000.00 can support removal." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

13. In the present case, Plaintiffs allege multiple injuries to Mr. Amparan, some of which were life-threatening. Pls.' Compl. ¶ 32. Those damages include:

   a. Fractured skull
   b. Traumatic brain injury
   c. Broken teeth
   d. Broken clavicle
   e. Flailed chest
   f. Broken ribs
   g. Punctured lung
   h. Diaphragm and colon injury
   i. Dislocated left knee
   j. Anxiety
   k. Depression
   l. Post-traumatic stress disorder
   m. Diabetes
   n. High blood pressure

*Id*. Additionally, Plaintiffs allege that Mr. Amparan underwent multiple surgeries, stayed in the intensive care unit, was hospitalized, underwent procedures to drain his lungs, and underwent procedures to address blood clotting that occurred. *Id*. And that Mr. Amparan has experienced significant pain and suffering. *Id.* at ¶ 35. Plaintiffs also allege that Mr. Amparan will continue to incur medical expenses. *Id*. ¶ 33.

14. Plaintiffs allege that Mr. Amparan is unable to work and has lost wages from both his full and part-time employment. *Id*. ¶ 34.

15. Plaintiffs allege that Mr. Amparan is permanently disfigured and disabled. He, allegedly, will also suffer a loss of enjoyment of life due to his physical and psychological injuries and limitations. *Id*. ¶¶ 36, 37.

16. Plaintiffs allege that Ms. Amparan experienced severe emotional distress from witnessing the injuries to her husband and his ordeal in attempting to recover from the accident. *Id*. ¶ 38. She allegedly has also lost intimacy, companionship, wages, and enjoyment of life as a result of the accident. *Id*. ¶¶ 39–41.

17. Plaintiffs are seeking damages for extensive physical, psychological, and emotional damages, along with lost wages for two adults. While Defendant denies any and all liability, the allegations against Defendant as well as the request for relief support a finding that the amount in controversy requirement is met and that removal is appropriate.

18. Avis Rent a Car Systems was served with a copy of the Summons and complaint on December 19, 2014. *See* Affidavit of Service Ex. B.

19. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(3). This Notice of Removal is being filed with the Court within thirty days after it was first ascertained that the case is one which has become removable.

20. Upon information and belief, Mr. Demir and Mr. Karadeniz have not been served. Pursuant to 28 U.S.C. 1446(b)(2)(A), Mr. Demir's and Mr. Karadeniz's consent is not required since they have not been served.

21. This Court has jurisdiction over Defendant in this case pursuant to 28 U.S.C. §§ 1332, 1441(a), and/or 1367.

22. By and through this Notice of Removal, Defendant removes all claims asserted against it on the basis of diversity jurisdiction, conferred upon this Court under 28 U.S.C. § 1332.

23. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders received by Defendants in the state court action to date are attached to this Notice as Exhibit C.

24. A copy of the docket sheet in the state court action is attached to this Notice as Exhibit D.

25. Pursuant to 28 U.S.C § 1446(d), written notice of the filing of this Notice of Removal is being served upon the Plaintiff on this date.

26. Defendant is filing a Notice of Filing Notice of Removal, a copy of which is attached to this Notice as Exhibit E, with the Clerk of the Second Judicial District, County of Bernalillo, State of New Mexico, pursuant to 28 U.S.C. § 1446(d), together with this Notice.

27. Pursuant to D.N.M.LR-CIV 81.1(a), Defendant will submit copies of the records and proceedings from the state court action within twenty-eight (28) days of filing this Notice of Removal.

**WHEREFORE**, Defendant, gives notice that the above-styled action, which was pending in the Second Judicial District, County of Bernalillo, State of New Mexico, as Cause No. D-202-CV2014-07314, is removed to this Court.

Electronically Filed,

ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

/s/ Nathan B. Anderson
Aaron R. Kugler
Nathan B. Anderson
Christopher P. Winters
Address:      4801 Lang NE Suite 200
Albuquerque, NM  87109
Phone #:      (505) 341-0110
*Attorneys for Defendant Budget Rent A Car Systems, LLC*

5

I HEREBY CERTIFY that on the 16th day of January, 2015,
I filed the foregoing electronically through the CM/ECF system.
AND I FURTHER CERTIFY that on such date I served the foregoing,
on the following non-CM/ECF Participants Via first class mail,
postage prepaid addressed as follows:


Kurt Wihl, Esq.
Keleher & McLeod
P.O. Box AA
Albuquerque, NM  87103
Email:  kw@keleher-law.com
*Attorney for Plaintiffs*

/s/ Nathan B. Anderson
Nathan B. Anderson