FILED IN MY OFFICE
DISTRICT COURT CLERK
11/24/2014 9:59:27 AM
GREGORY T. IRELAND
Tracie Laahty

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

EDMUNDO AMPARAN and
KIMBERLY L. AMPARAN,

     Plaintiffs,

vs.                                                    No. D-202-CV-2014-07314
_____

MEVLUT BERKAY DEMIR,
DENIZCAN KARADENIZ, and
AVIS RENT A CAR SYSTEM, LLC,
a Delaware Limited Liability Company.

     Defendants.

### COMPLAINT FOR PERSONAL INJURY
### DUE TO NEGLIGENCE, NEGLIGENCE PER SE
### AND NEGLIGENT ENTRUSTMENT AND FOR LOSS OF CONSORTIUM

COME NOW Edmundo Amparan and Kimberly L. Amparan by and through their attorneys, Keleher & McLeod, P.A. (Kurt Wihl) and for their Complaint for Personal Injury Due to Negligence, Negligence Per Se and Negligent Entrustment and for Loss of Consortium ("Complaint") state:

### JURISDICTION AND VENUE

1.    Plaintiff, Edmundo Amparan (sometimes referred to herein as "Ed") is a resident of Bernalillo County, New Mexico.

2.    Plaintiff, Kimberly L. Amparan (sometimes referred to herein as "Kim") is a resident of Bernalillo County, New Mexico.

3.    Ed and Kim are married and live together.

4.    On information and belief it is alleged that Defendant, Mevlut Berkay Demir ("Demir") is a Turkish national who has permanent residence in the country of Turkey but who



EXHIBIT
A

was present in the United States and visiting the State of New Mexico pursuant to a work permit or visa.

5.     On information and belief it is alleged that Defendant, Denizcan Karadeniz ("Karadeniz") is a Turkish national who temporarily resides in the State of Arizona pursuant to a work permit or visa but who was visiting the State of New Mexico.

6.     On information and belief it is alleged that Defendant, Avis Rent A Car System, LLC ("ARAC") is a Delaware Limited Liability Company, with its principal place of business in the State of New Jersey and operating throughout the United States and the world, including in multiple locations throughout the State of New Mexico.

7.     This action arises out of a motor vehicle accident that occurred on July 14, 2014 at the intersection of Comanche Road and Wyoming Boulevard in Albuquerque, Bernalillo County, New Mexico.

8.     The Court has jurisdiction over the subject matter of this action.

9.     Venue is proper in this district.

10.    Personal jurisdiction over the defendants is premised on the New Mexico long-arm statute, the New Mexico motor vehicle code, and general jurisdiction.

## FACTS

### Vehicle Rentals

11.    On or about July 14, 2014, an employee or employees of ARAC at ARAC's location at the Page, Arizona Municipal Airport rented to Demir a Dodge Caravan minivan and rented to Karadeniz a Ford Mustang automobile.

12.    At the time of the rentals, both Karadeniz and Demir were twenty-one years old. ARAC's policy at its Page, Arizona location is not to rent vehicles to drivers under twenty-five.

2

13.     At the time of the rentals, Karadeniz did not supply a credit card to ARAC for rental of the Ford Mustang.  On information and belief, Demir did not supply a credit card to ARAC either.  Instead, he made a cash deposit.  ARAC's policy at its Page, Arizona location is to require that all car renters supply a credit card on which a credit hold is placed to secure payment for a car rental.

14.     At the time of the rentals, Demir and Karadeniz provided only their Turkish National driver's licenses.  ARAC did not inquire or investigate the driving records of either Demir or Karadeniz prior to renting vehicles to them.

15.     On information and belief it is alleged that at the time of the rentals, neither Demir nor Karadeniz were not sufficiently familiar with the traffic laws or the operation of traffic control signals to safely drive on the streets or highways of New Mexico, but ARAC did not take any steps to confirm that either Demir or Karadeniz were adequately versed in said traffic laws or traffic control devices.

16.     On information and belief it is alleged that ARAC's parent company, Avis Budget Group, Inc., through its subsidiary operates rental car locations in the country of Turkey and that in order to rent a car in Turkey, a customer must demonstrate that he/she has a clean driving record for the prior two years.

17.     On information and belief it is alleged that at some other locations in the United States, ARAC permits drivers under the age of 25 to rent vehicles, but charges a daily surcharge in recognition of the increased risk posed by young, experienced drivers.

18.     On information and belief it is alleged that at some other locations in the United States, ARAC prohibits drivers under the age of 25 to rent minivans or high powered convertible automobiles such as those rented to Defendants Demir and Karadeniz in this case.

3

19.     On information and belief, ARAC required Demir and Karadeniz to accept Vehicle Damage Waiver coverage at the time of the rentals in order to protect ARAC from damage to the rented vehicles that it had placed in the control of inexperienced drivers.

20.     Had ARAC complied with its own policies, Defendants Karadeniz and Demir would not have been able to rent a vehicle.  The actions of ARAC through its employees were negligent in entrusting the Dodge Caravan and Ford Mustang automobiles to Defendants Karadeniz and Demir.

21.     ARAC permitted Karadeniz and Demir to take the rental vehicles into the State of New Mexico, where the accident that gives rise to this suit occurred.  It was forseeable that the rented vehicles would be driven in New Mexico.

**Motor Vehicle Accident**

22.     Ed was riding his motorcycle west-bound on Comanche Road in Albuquerque, New Mexico.  As he approached and entered the intersection with Wyoming Boulevard, he had a green light and was obeying all traffic laws.

23.     On information and belief, Defendant Karadeniz was driving a Dodge Caravan automobile eastbound on Comanche Road when he turned left onto northbound Wyoming Boulevard in front of Ed's motorcycle, causing Ed to swerve to avoid hitting the Dodge Caravan. Karadeniz made a left turn even though he did not have a left-turn arrow; Karadeniz failed to maintain a proper lookout for Ed's oncoming motorcycle; and Karadeniz failed to yield to Ed's oncoming motorcycle.

24.     On information and belief, Defendant, Demir also was heading eastbound on Comanche Road in a Ford Mustang automobile, following his friend, Karadeniz.  Demir

4

similarly turned left at the intersection of Comanche and Wyoming without a left-turn arrow, without maintaining a proper lookout for Ed's oncoming motorcycle and without yielding.

25.     Demir's Mustang collided with Ed's motorcycle in the intersection, causing Ed to fly off his motorcycle and onto the pavement.

26.     Following the accident, Karadeniz and Demir told officers of the Albuquerque Police Department that they and their passengers (other Turkish nationals) were searching for the house of the "Breaking Bad" television show character, Walter White.  Accordingly, Demir was focused on maintaining contact with Karadeniz rather than observing road conditions or oncoming traffic.

27.     Karadeniz and Demir were inexperienced drivers, were driving unfamiliar vehicles recently rented from an Avis Rental Car in Page, Arizona, and were unfamiliar with the operation or significance of traffic control signals in place at the intersection where the accident occurred.

28.     Karadeniz and Demir were engaged in a concerted activity at the time of the accident.

29.     Ed was severely injured in the accident; emergency medical personnel and Albuquerque police department officers who arrived at the scene believed that his injuries would be fatal.

**Damages**

30.     Ed's motorcycle was a total loss as a result of the collision.

31.     Ed was transported to University of New Mexico Hospital by ambulance on an emergency basis.

32.     Ed suffered multiple injuries, some of which were life-threatening, including but not limited to a fractured skull, traumatic brain injury, broken teeth, broken clavicle, flailed chest, multiple broken ribs, punctured lung, injury to his diaphragm and colon, dislocated left knee with associated ligament damage and badly sprained ankle that required that he undergo multiple surgeries and be cared for in the intensive care unit followed by private room hospitalization and in-patient rehabilitation.   While hospitalized, Ed suffered from multiple infections which required that he be isolated, underwent procedures to drain his lungs and receive antibiotic treatment, and endured procedures to address dangerous blood clotting that occurred.  Ed has undergone subsequent surgeries to address his injuries.  As a proximate result of this accident, Ed is suffering from anxiety, depression, post-traumatic stress disorder, diabetes and high blood pressure.

33.     Ed has incurred and will continue to incur significant medical expenses as a result of this accident.

34.     Ed is unable to return to work.  He has lost wages and compensation from his full and part-time employment and will continue to lose such wages and compensation into the future.

35.     Ed has experienced significant pain and suffering as a result of this accident.

36.     Ed has permanent disfigurement and disability as a result of this accident.

37.     Ed has suffered significant loss of enjoyment of life due to his physical and psychological injuries and limitations proximately caused by the accident.

38.     Kim has experienced severe emotional distress from witnessing the injuries to her husband and his ordeal in attempting to recover from same.

39.     Kim has lost intimacy with Ed and can no longer depend on Ed for the level of friendship, support and companionship that she enjoyed prior to the accident.

40.     Kim has had to attend to the needs of Ed rather than her own employment and thus has experienced lost wages.

41.     Kim has experienced and will continue to experience a significant loss of enjoyment of life as a proximate result of the accident and Ed's resulting injuries and condition.

## COUNT I
## NEGLIGENCE

42.     Plaintiffs incorporate by this reference the allegations contained in Paragraphs 1 through 41, above as though fully set forth herein.

43.     Defendants, Karadeniz and Demir had a duty to observe and obey traffic signals, maintain control of their vehicles, maintain a lookout for oncoming traffic and yield to Ed's motorcycle, which had the right of way at the time of the accident.

44.     Defendants, Karadeniz and Demir breached their duties.

45.     Defendants, Karadeniz and Demir negligently operated their motor vehicles and such negligence proximately caused damages to the Plaintiffs.

46.     Defendants should be held both individually and jointly and severally liable for the damages suffered by Plaintiffs because at the time of the accident they were engaged in a concerted action that proximately caused those damages.

## COUNT II
## NEGLIGENCE PER SE

47.     Plaintiffs incorporate by this reference the allegations contained in Paragraphs 1 through 46, above as though fully set forth herein.

7

48.     Defendants, Karadeniz and Demir violated applicable traffic laws at the time of the accident, and such violations proximately caused the accident.

49.     Accordingly, Defendants' conduct was negligent per se, and they should be held both individually and jointly and severally liable for same.

## COUNT III
## NEGLIGENT ENTRUSTMENT

50.     Plaintiffs incorporate by this reference the allegations contained in Paragraphs 1 through 49, above as though fully set forth herein.

51.     Defendant, ARAC knew or should have known that Defendants, Karadeniz and Demir were not competent to operate vehicles on the streets or highways and did nothing to inquire about Karadeniz or Demir's knowledge of applicable traffic laws or traffic control signals.

52.     Defendant, ARAC violated its own policies for its location in Page, Arizona by renting vehicles to drivers under the age of twenty-five without requiring credit cards to secure the rentals.

53.     Defendant, ARAC failed to take any steps to confirm that either Demir or Karadeniz had a safe driving record in either the United States or their home country of Turkey despite ARAC's parent company's requirement that drivers renting cars in Turkey have a clean driving record for at least two years before a vehicle rental.

54.     Defendant, ARAC is aware of the danger posed by young, inexperienced drivers because in those locations where it will rent to drivers under twenty-five, it charges a premium to offset the risk and limits drivers to renting certain vehicles.

55.     ARAC has a duty to exercise care in renting vehicles, which it breached.  That breach was a proximate cause of the accident that gives rise to this case.

8

## COUNT IV
## LOSS OF CONSORTIUM

56.     Plaintiffs incorporate by this reference their allegations contained in Paragraphs 1 through 55, above as though fully set forth herein.

57.     Defendants' misconduct has proximately caused Kim the loss of intimacy with her husband, and significant losses of companionship, support, love and affection from her husband.

58.     Defendants should be held individually and jointly and severally liable for Kim's loss of consortium.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for damages in amounts to be proved at trial to compensate them for:

A.     Past, present and future pain and suffering;

B.     Permanent disability and disfigurement;

C.     Past, ongoing, and future medical expenses;

D.     Lost wages;

E.     Lost future earning capacity;

F.     Loss of enjoyment of life;

G.     Loss of consortium;

H.     Prejudgment and post-judgment interest;

I.     Property damage to Ed's motorcycle, clothing and equipment;

In addition, Plaintiffs pray for their costs of suit; and such other and further relief as the Court deems just and proper.

Respectfully submitted,

**KELEHER & McLEOD, P.A.**


By:_____ */s/ Kurt Wihl*_____
Kurt Wihl
P. O. Box AA
Albuquerque, New Mexico  87103
(505) 346-4646
Albuquerque, NM  87103

*Attorneys for Plaintiffs*

4836-5171-2032, v. 1

10

**RETURN[1]**

STATE OF NEW MEXICO        )
                           ) ss.
COUNTY OF Santa Fe         )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Santa Fe county on the 19th day of December, 2014, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[✗] to Karen Hunt _____, an agent authorized to receive service of process for defendant Avis Rent a Car System, LLC _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

3



EXHIBIT
B

Fees: _____

_____
Signature of person making service
_Courier_
_____
Title (*if any*)

Subscribed and sworn to before me this 22nd day of December, 2014[2]

_____
Judge, notary or other officer
authorized to administer oaths
_Legal Secretary_
_____
Official title

**OFFICIAL SEAL**
**Victoria White**
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 10/29/17

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

4823-7200-4896, v. 1

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/24/2014 9:59:27 AM
GREGORY T. IRELAND
Tracie Laahty

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

EDMUNDO AMPARAN and
KIMBERLY L. AMPARAN,

      Plaintiffs,

vs.                                                      No. _D-202-CV-2014-07314_____

MEVLUT BERKAY DEMIR,
DENIZCAN KARADENIZ, and
AVIS RENT A CAR SYSTEM, LLC,
a Delaware Limited Liability Company.

      Defendants.

**COMPLAINT FOR PERSONAL INJURY**
**DUE TO NEGLIGENCE, NEGLIGENCE PER SE**
**AND NEGLIGENT ENTRUSTMENT AND FOR LOSS OF CONSORTIUM**

COME NOW Edmundo Amparan and Kimberly L. Amparan by and through their attorneys, Keleher & McLeod, P.A. (Kurt Wihl) and for their Complaint for Personal Injury Due to Negligence, Negligence Per Se and Negligent Entrustment and for Loss of Consortium ("Complaint") state:

**JURISDICTION AND VENUE**

1.    Plaintiff, Edmundo Amparan (sometimes referred to herein as "Ed") is a resident of Bernalillo County, New Mexico.

2.    Plaintiff, Kimberly L. Amparan (sometimes referred to herein as "Kim") is a resident of Bernalillo County, New Mexico.

3.    Ed and Kim are married and live together.

4.    On information and belief it is alleged that Defendant, Mevlut Berkay Demir ("Demir") is a Turkish national who has permanent residence in the country of Turkey but who



EXHIBIT
C

was present in the United States and visiting the State of New Mexico pursuant to a work permit or visa.

5.   On information and belief it is alleged that Defendant, Denizcan Karadeniz ("Karadeniz") is a Turkish national who temporarily resides in the State of Arizona pursuant to a work permit or visa but who was visiting the State of New Mexico.

6.   On information and belief it is alleged that Defendant, Avis Rent A Car System, LLC ("ARAC") is a Delaware Limited Liability Company, with its principal place of business in the State of New Jersey and operating throughout the United States and the world, including in multiple locations throughout the State of New Mexico.

7.   This action arises out of a motor vehicle accident that occurred on July 14, 2014 at the intersection of Comanche Road and Wyoming Boulevard in Albuquerque, Bernalillo County, New Mexico.

8.   The Court has jurisdiction over the subject matter of this action.

9.   Venue is proper in this district.

10.   Personal jurisdiction over the defendants is premised on the New Mexico long-arm statute, the New Mexico motor vehicle code, and general jurisdiction.

**FACTS**

**Vehicle Rentals**

11.   On or about July 14, 2014, an employee or employees of ARAC at ARAC's location at the Page, Arizona Municipal Airport rented to Demir a Dodge Caravan minivan and rented to Karadeniz a Ford Mustang automobile.

12.   At the time of the rentals, both Karadeniz and Demir were twenty-one years old. ARAC's policy at its Page, Arizona location is not to rent vehicles to drivers under twenty-five.

2

13.     At the time of the rentals, Karadeniz did not supply a credit card to ARAC for rental of the Ford Mustang.  On information and belief, Demir did not supply a credit card to ARAC either.  Instead, he made a cash deposit.  ARAC's policy at its Page, Arizona location is to require that all car renters supply a credit card on which a credit hold is placed to secure payment for a car rental.

14.     At the time of the rentals, Demir and Karadeniz provided only their Turkish National driver's licenses.  ARAC did not inquire or investigate the driving records of either Demir or Karadeniz prior to renting vehicles to them.

15.     On information and belief it is alleged that at the time of the rentals, neither Demir nor Karadeniz were not sufficiently familiar with the traffic laws or the operation of traffic control signals to safely drive on the streets or highways of New Mexico, but ARAC did not take any steps to confirm that either Demir or Karadeniz were adequately versed in said traffic laws or traffic control devices.

16.     On information and belief it is alleged that ARAC's parent company, Avis Budget Group, Inc., through its subsidiary operates rental car locations in the country of Turkey and that in order to rent a car in Turkey, a customer must demonstrate that he/she has a clean driving record for the prior two years.

17.     On information and belief it is alleged that at some other locations in the United States, ARAC permits drivers under the age of 25 to rent vehicles, but charges a daily surcharge in recognition of the increased risk posed by young, experienced drivers.

18.     On information and belief it is alleged that at some other locations in the United States, ARAC prohibits drivers under the age of 25 to rent minivans or high powered convertible automobiles such as those rented to Defendants Demir and Karadeniz in this case.

3

19.     On information and belief, ARAC required Demir and Karadeniz to accept Vehicle Damage Waiver coverage at the time of the rentals in order to protect ARAC from damage to the rented vehicles that it had placed in the control of inexperienced drivers.

20.     Had ARAC complied with its own policies, Defendants Karadeniz and Demir would not have been able to rent a vehicle.  The actions of ARAC through its employees were negligent in entrusting the Dodge Caravan and Ford Mustang automobiles to Defendants Karadeniz and Demir.

21.     ARAC permitted Karadeniz and Demir to take the rental vehicles into the State of New Mexico, where the accident that gives rise to this suit occurred.  It was forseeable that the rented vehicles would be driven in New Mexico.

**Motor Vehicle Accident**

22.     Ed was riding his motorcycle west-bound on Comanche Road in Albuquerque, New Mexico.  As he approached and entered the intersection with Wyoming Boulevard, he had a green light and was obeying all traffic laws.

23.     On information and belief, Defendant Karadeniz was driving a Dodge Caravan automobile eastbound on Comanche Road when he turned left onto northbound Wyoming Boulevard in front of Ed's motorcycle, causing Ed to swerve to avoid hitting the Dodge Caravan. Karadeniz made a left turn even though he did not have a left-turn arrow; Karadeniz failed to maintain a proper lookout for Ed's oncoming motorcycle; and Karadeniz failed to yield to Ed's oncoming motorcycle.

24.     On information and belief, Defendant, Demir also was heading eastbound on Comanche Road in a Ford Mustang automobile, following his friend, Karadeniz.   Demir

similarly turned left at the intersection of Comanche and Wyoming without a left-turn arrow, without maintaining a proper lookout for Ed's oncoming motorcycle and without yielding.

25.    Demir's Mustang collided with Ed's motorcycle in the intersection, causing Ed to fly off his motorcycle and onto the pavement.

26.    Following the accident, Karadeniz and Demir told officers of the Albuquerque Police Department that they and their passengers (other Turkish nationals) were searching for the house of the "Breaking Bad" television show character, Walter White.  Accordingly, Demir was focused on maintaining contact with Karadeniz rather than observing road conditions or oncoming traffic.

27.    Karadeniz and Demir were inexperienced drivers, were driving unfamiliar vehicles recently rented from an Avis Rental Car in Page, Arizona, and were unfamiliar with the operation or significance of traffic control signals in place at the intersection where the accident occurred.

28.    Karadeniz and Demir were engaged in a concerted activity at the time of the accident.

29.    Ed was severely injured in the accident; emergency medical personnel and Albuquerque police department officers who arrived at the scene believed that his injuries would be fatal.

**<u>Damages</u>**

30.    Ed's motorcycle was a total loss as a result of the collision.

31.    Ed was transported to University of New Mexico Hospital by ambulance on an emergency basis.

5

32.     Ed suffered multiple injuries, some of which were life-threatening, including but not limited to a fractured skull, traumatic brain injury, broken teeth, broken clavicle, flailed chest, multiple broken ribs, punctured lung, injury to his diaphragm and colon, dislocated left knee with associated ligament damage and badly sprained ankle that required that he undergo multiple surgeries and be cared for in the intensive care unit followed by private room hospitalization and in-patient rehabilitation.   While hospitalized, Ed suffered from multiple infections which required that he be isolated, underwent procedures to drain his lungs and receive antibiotic treatment, and endured procedures to address dangerous blood clotting that occurred.  Ed has undergone subsequent surgeries to address his injuries.  As a proximate result of this accident, Ed is suffering from anxiety, depression, post-traumatic stress disorder, diabetes and high blood pressure.

33.     Ed has incurred and will continue to incur significant medical expenses as a result of this accident.

34.     Ed is unable to return to work.  He has lost wages and compensation from his full and part-time employment and will continue to lose such wages and compensation into the future.

35.     Ed has experienced significant pain and suffering as a result of this accident.

36.     Ed has permanent disfigurement and disability as a result of this accident.

37.     Ed has suffered significant loss of enjoyment of life due to his physical and psychological injuries and limitations proximately caused by the accident.

38.     Kim has experienced severe emotional distress from witnessing the injuries to her husband and his ordeal in attempting to recover from same.

6

39.     Kim has lost intimacy with Ed and can no longer depend on Ed for the level of friendship, support and companionship that she enjoyed prior to the accident.

40.     Kim has had to attend to the needs of Ed rather than her own employment and thus has experienced lost wages.

41.     Kim has experienced and will continue to experience a significant loss of enjoyment of life as a proximate result of the accident and Ed's resulting injuries and condition.

## COUNT I
## NEGLIGENCE

42.     Plaintiffs incorporate by this reference the allegations contained in Paragraphs 1 through 41, above as though fully set forth herein.

43.     Defendants, Karadeniz and Demir had a duty to observe and obey traffic signals, maintain control of their vehicles, maintain a lookout for oncoming traffic and yield to Ed's motorcycle, which had the right of way at the time of the accident.

44.     Defendants, Karadeniz and Demir breached their duties.

45.     Defendants, Karadeniz and Demir negligently operated their motor vehicles and such negligence proximately caused damages to the Plaintiffs.

46.     Defendants should be held both individually and jointly and severally liable for the damages suffered by Plaintiffs because at the time of the accident they were engaged in a concerted action that proximately caused those damages.

## COUNT II
## NEGLIGENCE PER SE

47.     Plaintiffs incorporate by this reference the allegations contained in Paragraphs 1 through 46, above as though fully set forth herein.

48.     Defendants, Karadeniz and Demir violated applicable traffic laws at the time of the accident, and such violations proximately caused the accident.

49.     Accordingly, Defendants' conduct was negligent per se, and they should be held both individually and jointly and severally liable for same.

## COUNT III
## NEGLIGENT ENTRUSTMENT

50.     Plaintiffs incorporate by this reference the allegations contained in Paragraphs 1 through 49, above as though fully set forth herein.

51.     Defendant, ARAC knew or should have known that Defendants, Karadeniz and Demir were not competent to operate vehicles on the streets or highways and did nothing to inquire about Karadeniz or Demir's knowledge of applicable traffic laws or traffic control signals.

52.     Defendant, ARAC violated its own policies for its location in Page, Arizona by renting vehicles to drivers under the age of twenty-five without requiring credit cards to secure the rentals.

53.     Defendant, ARAC failed to take any steps to confirm that either Demir or Karadeniz had a safe driving record in either the United States or their home country of Turkey despite ARAC's parent company's requirement that drivers renting cars in Turkey have a clean driving record for at least two years before a vehicle rental.

54.     Defendant, ARAC is aware of the danger posed by young, inexperienced drivers because in those locations where it will rent to drivers under twenty-five, it charges a premium to offset the risk and limits drivers to renting certain vehicles.

55.     ARAC has a duty to exercise care in renting vehicles, which it breached.  That breach was a proximate cause of the accident that gives rise to this case.

8

## COUNT IV
## LOSS OF CONSORTIUM

56.     Plaintiffs incorporate by this reference their allegations contained in Paragraphs 1 through 55, above as though fully set forth herein.

57.     Defendants' misconduct has proximately caused Kim the loss of intimacy with her husband, and significant losses of companionship, support, love and affection from her husband.

58.     Defendants should be held individually and jointly and severally liable for Kim's loss of consortium.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for damages in amounts to be proved at trial to compensate them for:

A.      Past, present and future pain and suffering;

B.      Permanent disability and disfigurement;

C.      Past, ongoing, and future medical expenses;

D.      Lost wages;

E.      Lost future earning capacity;

F.      Loss of enjoyment of life;

G.      Loss of consortium;

H.      Prejudgment and post-judgment interest;

I.      Property damage to Ed's motorcycle, clothing and equipment;

In addition, Plaintiffs pray for their costs of suit; and such other and further relief as the Court deems just and proper.

Respectfully submitted,

**KELEHER & McLEOD, P.A.**


By:___*/s/ Kurt Wihl*_____
Kurt Wihl
P. O. Box AA
Albuquerque, New Mexico  87103
(505) 346-4646
Albuquerque, NM  87103

*Attorneys for Plaintiffs*

4836-5171-2032, v.  1

10

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/24/2014 9:59:27 AM
GREGORY T. IRELAND
Tracie Laahty

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

EDMUNDO AMPARAN and
KIMBERLY L. AMPARAN,

       Plaintiffs,

vs.                  No. D-202-CV-2014-07314

MEVLUT BERKAY DEMIR,
DENIZCAN KARADENIZ, and
AVIS RENT A CAR SYSTEM, LLC,
a Delaware Limited Liability Company.

       Defendants.

## JURY DEMAND

    COME NOW the Plaintiffs by and through their attorneys, Keleher & McLeod, P.A. (Kurt Wihl)

and hereby demand a jury of twelve (12) persons.  The jury demand fee is included with this demand.

          Respectfully submitted,

          **KELEHER & McLEOD, P.A.**

          By:___*/s/ Kurt Wihl*_____
          Kurt Wihl
          P. O. Box AA
          Albuquerque, New Mexico  87103
          (505) 346-4646
          Albuquerque, NM  87103

          *Attorneys for Plaintiffs*

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/24/2014 9:59:27 AM
GREGORY T. IRELAND
Tracie Laahty

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

EDMUNDO AMPARAN and
KIMBERLY L. AMPARAN,

        Plaintiffs,

vs.                                                      No._____D-202-CV-2014-07314_____

MEVLUT BERKAY DEMIR,
DENIZCAN KARADENIZ, and
AVIS RENT A CAR SYSTEM, LLC,
a Delaware Limited Liability Company.

        Defendants.

## COURT-ANNEXED ARBITRATION CERTIFICATION

Pursuant to Rule LR2-603 NMRA, Plaintiff hereby certifies:

_____  This party seeks only a money judgment and the amount sought does not exceed twenty-five thousand dollars ($25,000.00), exclusive of punitive damages, interest, costs, and attorney fees.

\_\_X\_\_  This party seeks relief other than a money judgment and/or seeks relief in excess of twenty-five thousand dollars ($25,000.00), exclusive of punitive damages, interest, costs, and attorney fees.

                    **KELEHER & McLEOD, P.A.**

                    By:\_\_\_\_*/s/ Kurt Wihl*_____
                    Kurt Wihl
                    P. O. Box AA
                    Albuquerque, New Mexico  87103
                    (505) 346-4646
                    Albuquerque, NM  87103

                    *Attorneys for Plaintiffs*

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/22/2014 2:50:29 PM
GREGORY T. IRELAND
Nadine Spencer

## SUMMONS

| | |
|---|---|
| District Court: SECOND JUDICIAL Bernalillo County, New Mexico<br>Court Address: 400 Lomas Blvd., NW<br>P. O. Box 488<br>Albuquerque, New Mexico  87103<br>Court Telephone No.: (505) 841-7438 | Case Number:  D-202-CV-2014-07314<br><br>Assigned Judge:   Alan Malott |
| **SECOND JUDICIAL DISTRICT COURT COUNTY OF BERNALILLO STATE OF NEW MEXICO**<br><br>EDMUNDO AMPARAN and KIMBERLY L. AMPARAN,<br><br>          Plaintiffs,<br><br>vs.<br><br>MEVLUT BERKAY DEMIR, DENIZCAN KARADENIZ, and AVIS RENT A CAR SYSTEM, LLC, a Delaware Limited Liability Company.<br><br>          Defendants. | Defendant:<br><br>Name:<br><br>**AVIS RENT A CAR SYSTEM, LLC**<br>c/o Corporation Service Company<br>123 East Marcy Street, Suite 101<br>Santa Fe, NM  87501 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.     You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____, New Mexico, this _____ day of _____, 20___.


GREGORY T. IRELAND
CLERK OF DISTRICT COURT

By: _____
         Deprty

12/1/2014

GREGORY T. IRELAND
CLERK OF THE DISTRICT COURT

By_____
              Deputy

                                    _____/s/ Kurt Wihl_____
                                    Signature of Attorney for Plaintiff
                                    Name: Kurt Wihl, Esq.
                                    Address: P.O. Box AA, Albuquerque, NM  87103
                                    Telephone No.: (505) 346-4646
                                    Fax No.: (505) 346-1370
                                    Email Address:  kw@keleher-law.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

2

# RETURN[1]

STATE OF NEW MEXICO         )
                                    ) ss.
COUNTY OF Santa Fe          )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Santa Fe_ county on the _19th_ day of _December_ , _2014_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[✓]    to _Karen Hunt_ _____, an agent authorized to receive service of process for defendant _Avis Rent a Car System, LLC_ .

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

3

Fees: _____

_Kim Bul_ (signature)
Signature of person making service

_Courier_
Title (*if any*)

Subscribed and sworn to before me this _22nd_ day of _December_, _2014_

_Victoria White_ (signature)
Judge, notary or other officer
authorized to administer oaths

_Legal Secretary_
Official title

> **OFFICIAL SEAL**
> **Victoria White**
> NOTARY PUBLIC
> STATE OF NEW MEXICO
> My Commission Expires: _10/29/17_

## USE NOTE

1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

4823-7200-4896, v. 1

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/22/2014 2:50:29 PM
GREGORY T. IRELAND
Nadine Spencer

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

EDMUNDO AMPARAN and
KIMBERLY L. AMAPARAN,

      Plaintiffs,

vs.                                                         No. D-202-CV-2014-07314

MELVUT BERKAY DEMIR,
DENZICAN KARADENIZ, and
AVIS RENT A CAR SYSTEM, LLC,
a Delaware Limited Liability Company,

      Defendants.

## <u>CERTIFICATE OF SERVICE</u>

    **I CERTIFY** that on December 19, 2014, the original and one copy of Plaintiffs' First Set

of Interrogatories, and Requests for Production were served along with the Complaint for

Personal Injury Due to Negligence, Negligence Per Se and Negligent Entrustment and for Loss

of Consortium and this Certificate of Service to:

      Avis Rent A Car System, LLC
       c/o Corporation Service Company
      123 East Marcy Street, Suite 101
      Santa Fe, NM  87501


          **KELEHER & McLEOD, P.A.**


          By:_____*/s/ Kurt Wihl*_____
          Kurt Wihl
          P. O. Box AA
          Albuquerque, New Mexico  87103
          (505) 346-4646
          Albuquerque, NM  87103


          *Attorneys for Plaintiffs*

4829-1401-6801

D-202-CV-201407314 - Thursday, January 15, 2015

# Edmundo Amparan, et al.,

# v.

# Mevlut Berkay Demir, et al.

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-202-CV-201407314 | Malott, Alan | 11/24/2014 | ALBUQUERQUE  District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| D | Defendant | 1 | DEMIR MEVLUT BERKAY |
| D | Defendant | 2 | AVIS RENT A CAR SYSTEM LLC |
| D | Defendant | 3 | KARADENIZ DENIZCAN |
| P | Plaintiff | 1 | AMPARAN EDMUNDO |
| | ATTORNEY: WIHL KURT | | |
| P | Plaintiff | 2 | AMPARAN KIMBERLY L |
| | ATTORNEY: WIHL KURT | | |

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 12/22/2014 | CERTIFICATE OF SERVICE | | P | 1 | |
| 12/22/2014 | SUMMONS RETURN | | P | 1 | |
| 12/01/2014 | | | | | |
| 11/24/2014 | JURY DEMAND 12 PERSON | | | | |
| 11/24/2014 | ARB: CERT NOT SUBJECT | | | | |
| 11/24/2014 | OPN: COMPLAINT | | | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 11/24/2014 | Malott, Alan | 1 | INITIAL ASSIGNMENT |

Page 1

EXHIBIT

D

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT


EDMUNDO AMPARAN and
KIMBERLY L. AMPARAN,

      Plaintiffs,

v.                                   Cause No. D-202-CV-2014-07314

MEVLUT BERKAY DEMIR, DENIZCAN
KARADENIZ, AND AVIS RENT A CAR
SYSTEM, LLC, A DELAWARE LIMITED
LIABILITY COMPANY,

      Defendants.

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Avis Rent A Car System, Defendant in the above-style matter, has filed a Notice of Removal in the United States District Court for the District of New Mexico.  A true and correct copy of the Notice of Removal, attached to this Notice as Exhibit "A", was mailed and emailed to:

      Kurt Wihl, Esq.
      Keleher & McLeod
      P.O. Box AA
      Albuquerque, NM  87103
      kw@keleher-law.com
      *Attorney for Plaintiffs*

                     Respectfully submitted,

                     ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

                     Aaron R. Kugler
                     Nathan B. Anderson
                     Christopher P. Winters
                     Address:     P.O. Box 94750
                     Albuquerque, NM  87199-4750
                     Phone #:    (505) 341-0110
                     *Attorneys for Defendant Avis Rent A Car System, LLC*

EXHIBIT
E

This is to certify that a *copy* of the foregoing Pleading was filed Electronically through the Odyssey File/Serve System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kurt Wihl, Esq.
Keleher & McLeod
P.O. Box AA
Albuquerque, NM  87103
 kw@keleher-law.com
*Attorney for Plaintiffs*

this __16th__ day of January, 2015.

Nathan B. Anderson