IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDMUNDO AMPARAN and
KIMBERLY L. AMPARAN,

    Plaintiffs,

vs.

                                                                  No. 1:15-CV-00045 GBW/LAM

MEVLUT BERKAY DEMIR,
DENIZCAN KARADENIZ,
AVIS RENT A CAR SYSTEM, LLC,
a Delaware Limited Liability Company;
LAKE POWELL CAR RENTAL COMPANIES,
an Arizona Limited Liability Company, PV HOLDING
CORPORATION, a Delaware Corporation,

    Defendants.

**AMENDED COMPLAINT FOR PERSONAL INJURY DUE TO NEGLIGENCE,
NEGLIGENCE PER SE, NEGLIGENT ENTRUSTMENT, AND NEGLIGENT
TRAINING AND SUPERVISION, AND FOR LOSS OF CONSORTIUM**

COME NOW Edmundo Amparan and Kimberly L. Amparan by and through their attorneys, Keleher & McLeod, P.A. (Kurt Wihl and Christina Muscarella Gooch) and for their Amended Complaint for Personal Injury Due to Negligence, Negligence Per Se, Negligent Entrustment, Negligent Training and Supervision, and for Loss of Consortium ("Amended Complaint") state:

**JURISDICTION AND VENUE**

1.     Plaintiff, Edmundo Amparan (sometimes referred to herein as "Ed") is a resident of Bernalillo County, New Mexico.

2.     Plaintiff, Kimberly L. Amparan (sometimes referred to herein as "Kim") is a resident of Bernalillo County, New Mexico.

3.     Ed and Kim are married and live together.

4. On information and belief it is alleged that Defendant, Mevlut Berkay Demir ("Demir") is a Turkish national who has permanent residence in the country of Turkey but who was present in the United States and visiting the State of New Mexico pursuant to a work permit or visa.

5. On information and belief it is alleged that Defendant, Denizcan Karadeniz ("Karadeniz") is a Turkish national who has permanent residence in the country of Turkey but who was present in the United States and visiting the State of New Mexico pursuant to a work permit or visa.

6. On information and belief it is alleged that Defendant, Avis Rent A Car System, LLC ("ARAC") is a Delaware Limited Liability Company, with its principal place of business in the State of New Jersey and operating throughout the United States and the world, including in multiple locations throughout the State of New Mexico.

7. On information and belief it is alleged that Defendant PV Holding Corporation ("PV") is a Delaware Corporation, with its principal place of business in the State of New Jersey and operating throughout the United States and the world, including in multiple locations throughout the State of New Mexico.

8. On information and belief it is alleged that Defendant Lake Powell Car Rental Companies ("Lake Powell") is an Arizona limited liability company with its principal place of business in the State of Arizona and operating in Arizona.

9. This action arises out of a motor vehicle accident that occurred on July 14, 2014 at the intersection of Comanche Road and Wyoming Boulevard in Albuquerque, Bernalillo County, New Mexico.

10. The Court has jurisdiction over the subject matter of this action.

11. Venue is proper in this district.

12. Personal jurisdiction over the defendants is premised on the New Mexico long-arm statute, the New Mexico motor vehicle code, and general jurisdiction.

## FACTS

**Vehicle Rentals**

13. On or about July 14, 2014, an employee or employees of Lake Powell/ARAC at Lake Powell/ARAC's location at the Page, Arizona Municipal Airport rented both a Dodge Caravan minivan and a Ford Mustang automobile to Karadeniz.

14. At the time of the rentals, Karadeniz was twenty-one years old. Lake Powell/ARAC's policy at this Page, Arizona location is not to rent vehicles to drivers under twenty-five.

15. At the time of the rentals, it is unclear whether Karadeniz supplied a credit card to Lake Powell/ARAC for rental of the Ford Mustang. Lake Powell/ARAC's policy at this Page, Arizona location is to require that all car renters supply a credit card on which a credit hold is placed to secure payment for a car rental.

16. At the time of the rentals, Karadeniz provided only his Turkish National driver's licenses. Lake Powell/ARAC did not inquire or investigate the driving record Karadeniz prior to renting vehicles to him. According to rental records, Lake Powell/ARAC permitted a third-party (Mert Tacir ("Tacir")) to be an additional driver of the Mustang automobile, who was also twenty-one years old, who (if he provided any driver's license at the time of rental) provided only a Turkish driver's license and whose driving record was not investigated by either Lake Powell or ARAC.

17. On information and belief it is alleged that at the time of the rentals, neither Karadeniz, Demir nor Tacir was sufficiently familiar with the traffic laws or the operation of traffic control signals to safely drive on the streets or highways of New Mexico, but Lake Powell/ARAC did not take any steps to confirm that any of them were adequately versed in said traffic laws or traffic control devices.

18. On information and belief it is alleged that ARAC's parent company, Avis Budget Group, Inc., through its subsidiary operates rental car locations in the country of Turkey and that in order to rent a car in Turkey, a customer must demonstrate that he/she has a clean driving record for the prior two years.

19. On information and belief it is alleged that at some locations in the United States, ARAC permits drivers under the age of 25 to rent vehicles, but charges a daily surcharge in recognition of the increased risk posed by young, inexperienced drivers.

20. On information and belief it is alleged that at some locations in the United States, ARAC prohibits drivers under the age of 25 to rent minivans or high powered convertible automobiles such as those rented to Karadeniz in this case.

21. On information and belief it is alleged that ARAC requires licensees, such as Lake Powell, to adhere to ARAC policies for vehicle rentals and related matters.

22. On information and belief, Lake Powell/ARAC required Karadeniz to accept Vehicle Damage Waiver coverage at the time of the rentals in order to protect Lake Powell/ARAC from damage to the rented vehicles that it had placed in the control of inexperienced drivers.

23. Had Lake Powell/ARAC complied with ARAC policies (which it is alleged on information and belief are also the policies of Lake Powell), Defendant Karadeniz would not

have been able to rent a vehicle and Tacir would not have been permitted as a second driver. The actions of Lake Powell/ARAC through their employees were negligent in entrusting the Dodge Caravan and Ford Mustang automobiles to Defendant Karadeniz and to Tacir.

24. On information and belief, Lake Powell/ARAC took no action to prevent Demir from operating the Ford Mustang rented to Karadeniz.

25. Lake Powell/ARAC permitted the rental vehicles to be driven into the State of New Mexico, where the accident that gives rise to this suit occurred. It was foreseeable that the rented vehicles would be driven in New Mexico.

**Motor Vehicle Accident**

26. Ed was riding his motorcycle west-bound on Comanche Road in Albuquerque, New Mexico. As he approached and entered the intersection with Wyoming Boulevard, he had a green light and was obeying all traffic laws.

27. On information and belief, Defendant Karadeniz was driving a Dodge Caravan automobile rented from Lake Powell/ARAC eastbound on Comanche Road when he turned left onto northbound Wyoming Boulevard in front of Ed's motorcycle, causing Ed to swerve on wet pavement to avoid hitting the Dodge Caravan. Karadeniz made a left turn even though he did not have a left-turn arrow; Karadeniz failed to maintain a proper lookout for Ed's oncoming motorcycle; and Karadeniz failed to yield to Ed's oncoming motorcycle.

28. On information and belief, Defendant, Demir also was heading eastbound on Comanche Road in a Ford Mustang automobile rented from Lake Powell/ARAC, following his friend, Karadeniz. Demir similarly turned left at the intersection of Comanche and Wyoming without a left-turn arrow, without maintaining a proper lookout for Ed's oncoming motorcycle and without yielding.

29. Demir's Mustang collided with Ed's motorcycle in the intersection, causing Ed to fly off his motorcycle and onto the pavement.

30. Following the accident, Karadeniz and Demir told officers of the Albuquerque Police Department that they and their passengers (other Turkish nationals, including Tacir) were searching for the house of the "Breaking Bad" television show character, Walter White. Accordingly, Demir was focused on maintaining contact with Karadeniz rather than observing road conditions or oncoming traffic.

31. Karadeniz and Demir were inexperienced drivers, were driving unfamiliar vehicles recently rented from Lake Powell/ARAC in Page, Arizona, and were unfamiliar with the operation or significance of traffic control signals in place at the intersection where the accident occurred.

32. Karadeniz and Demir were engaged in a concerted activity at the time of the accident.

33. Ed was severely injured in the accident; emergency medical personnel and Albuquerque police department officers who arrived at the scene believed that his injuries would be fatal.

**Damages**

34. Ed's motorcycle was a total loss as a result of the collision.

35. Ed was transported to University of New Mexico Hospital by ambulance on an emergency basis.

36. Ed suffered multiple injuries, some of which were life-threatening, including but not limited to a fractured skull, traumatic brain injury, broken teeth, broken clavicle, flailed chest, multiple broken ribs, punctured lung, injury to his diaphragm and colon, dislocated left knee with associated ligament damage and badly sprained ankle that required that he undergo

multiple surgeries and be cared for in the intensive care unit followed by private room hospitalization and in-patient rehabilitation.  While hospitalized, Ed suffered from multiple infections which required that he be isolated, underwent procedures to drain his lungs and receive antibiotic treatment, and endured procedures to address dangerous blood clotting that occurred.  Ed has undergone subsequent surgeries to address his injuries.  As a proximate result of this accident, Ed is suffering from cognitive deficits, loss of mobility, loss of strength, loss of coordination, loss of endurance, an altered sense of taste, anxiety, depression, post-traumatic stress disorder, diabetes and high blood pressure.

37.     Ed has incurred and will continue to incur significant medical expenses as a result of this accident.

38.     Ed is unable to return to work.  He has lost wages and compensation from his full and part-time employment and will continue to lose such wages and compensation into the future.

39.     Ed has experienced significant pain and suffering as a result of this accident.

40.     Ed has permanent disfigurement and disability as a result of this accident.

41.     Ed has suffered significant loss of enjoyment of life due to his physical and psychological injuries and limitations proximately caused by the accident.

42.     Kim has experienced severe emotional distress from witnessing the injuries to her husband and his ordeal in attempting to recover from same.

43.     Kim has lost intimacy with Ed and can no longer depend on Ed for the level of friendship, support and companionship that she enjoyed prior to the accident.

44.     Kim has had to attend to the needs of Ed rather than her own employment and thus has experienced lost wages.

45. Kim has experienced and will continue to experience a significant loss of enjoyment of life as a proximate result of the accident and Ed's resulting injuries and condition.

## COUNT I
## NEGLIGENCE
### (Karadeniz and Demir)

46. Plaintiffs incorporate by this reference the allegations contained in Paragraphs 1 through 45, above as though fully set forth herein.

47. Defendants, Karadeniz and Demir had a duty to observe and obey traffic signals, maintain control of their vehicles, maintain a lookout for oncoming traffic and yield to Ed's motorcycle, which had the right of way at the time of the accident.

48. Defendants, Karadeniz and Demir breached their duties.

49. Defendants, Karadeniz and Demir negligently operated their motor vehicles and such negligence proximately caused damages to the Plaintiffs.

50. Defendants Karadeniz and Demir should be held both individually and jointly and severally liable for the damages suffered by Plaintiffs because at the time of the accident they were engaged in a concerted action that proximately caused those damages.

## COUNT II
## NEGLIGENCE PER SE
### (Karadeniz and Demir)

51. Plaintiffs incorporate by this reference the allegations contained in Paragraphs 1 through 50, above as though fully set forth herein.

52. Defendants, Karadeniz and Demir violated applicable traffic laws at the time of the accident, and such violations proximately caused the accident.

53. Accordingly, Defendants' conduct was negligent per se, and they should be held both individually and jointly and severally liable for same.

## COUNT III
## NEGLIGENT ENTRUSTMENT
## (Lake Powell and ARAC)

54. Plaintiffs incorporate by this reference the allegations contained in Paragraphs 1 through 53, above as though fully set forth herein.

55. Defendants, Lake Powell and ARAC knew or should have known that Defendants, Karadeniz and Demir were not competent to operate vehicles on the streets or highways and did nothing to inquire about Karadeniz or Demir's knowledge of applicable traffic laws or traffic control signals.

56. Defendants, Lake Powell and ARAC violated their own policies by renting vehicles to drivers under the age of twenty-five, and in particular a van and a high-powered convertible.

57. Defendants, Lake Powell and ARAC failed to take any steps to confirm that either Defendants Demir or Karadeniz had a safe driving record in either the United States or their home country of Turkey despite Lake Powell and/or ARAC's parent company's requirement that drivers renting cars in Turkey have a clean driving record for at least two years before a vehicle rental.

58. Defendants, Lake Powell and ARAC are aware of the danger posed by young, inexperienced drivers because in those locations where ARAC will rent to drivers under twenty-five, ARAC charges a premium to offset the risk and limits drivers to renting certain vehicles.

59. Defendants, Lake Powell and ARAC have a duty to exercise care in renting vehicles, which they breached. That breach was a proximate cause of the accident that gives rise to this case. Defendants, Lake Powell and ARAC should be held jointly and severally liable with Defendants Karadeniz and Demir for damages caused by the negligently entrusted drivers.

## COUNT IV
## NEGLIGENT SUPERVISION AND TRAINING
### (Lake Powell)

60. Plaintiffs incorporate by this reference their allegations contained in Paragraphs 1 through 59, above as though fully set forth herein.

61. Defendant Lake Powell had a duty to Plaintiffs to adequately train, supervise, and instruct its employees regarding its policies and procedures regarding renting vehicles.

62. Defendant Lake Powell had a duty to Plaintiffs to adequately train, supervise, and instruct its employees regarding its policies and procedures regarding renting vehicles to young drivers as well as foreign nationals like Defendants Demir and Karadeniz.

63. Defendant Lake Powell breached these duties, and that breach was a proximate cause of the accident that gives rise to this case.

## COUNT V
## NEGLIGENT SUPERVISION AND TRAINING
### (ARAC)

64. Plaintiffs incorporate by this reference their allegations contained in Paragraphs 1 through 63, above as though fully set forth herein.

65. Defendant ARAC had a duty to Plaintiffs to adequately train, supervise, and instruct its licensee, Defendant Lake Powell regarding its corporate policies and procedures and to monitor its compliance with same.

66. ARAC breached these duties, and that breach was a proximate cause of the accident that gives rise to this case.

## COUNT VI
## MANDATORY STATUTORY LIABILITY
### (PV)

67. Plaintiffs incorporate by this reference their allegations contained in Paragraphs 1 through 66, above as though fully set forth herein.

68. Defendant PV is the registered owner of the Dodge van and Ford Mustang involved in the accident at issue in this case.

69. As the registered owner of the vehicles, Defendant PV is statutorily required to maintain automobile liability insurance that covers bodily injuries and property damage proximately caused by the drivers of those automobiles.  NMSA 1978, § 66-5-201 *et seq*. The required level of statutory liability is determined by the state in which an accident occurs, in this case New Mexico.  PV has violated MFRA by failing to ensure that the vehicles were insured.

70. Defendant PV is liable as a matter of law for the statutory minimum of coverage for bodily injuries and property damage suffered by Ed and his motorcycle (which was a total loss as a result of the accident).

### COUNT VII
### LOSS OF CONSORTIUM
### (All Defendants)

71. Plaintiffs incorporate by this reference their allegations contained in Paragraphs 1 through 70, above as though fully set forth herein.

72. Defendants' misconduct has proximately caused Kim the loss of intimacy with her husband, and significant losses of companionship, support, love and affection from her husband.

73. Defendants should be held individually and jointly and severally liable for Kim's loss of consortium.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for damages in amounts to be proved at trial to compensate them for:

A. Past, present and future pain and suffering;

B. Permanent disability and disfigurement;

C. Past, ongoing, and future medical expenses;

  D. Lost wages;

  E. Lost future earning capacity;

  F. Loss of enjoyment of life;

  G. Loss of consortium;

  H. Prejudgment and post-judgment interest;

  I. Property damage to Ed's motorcycle, clothing and equipment;

In addition, Plaintiffs pray for their costs of suit; and such other and further relief as the Court deems just and proper.

              Respectfully submitted,

              **KELEHER & McLEOD, P.A.**

              By: */s/ Kurt Wihl*
              Kurt Wihl
              Christina Muscarella Gooch
              P. O. Box AA
              Albuquerque, New Mexico  87103
              (505) 346-4646
              *Attorneys for Plaintiffs*

I HEREBY CERTIFY that on January 14, 2016, I filed the foregoing electronically through the CM/ECF system, which caused counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing:

*/s/ Kurt Wihl*
Kurt Wihl

4841-0799-6963, v.  1