IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDMUNDO AMPARAN and
KIMBERLY L. AMAPARN,

       Plaintiffs,

v.                                    No. 1:15-cv-00045 WJ/GJF

MEVLUT BERK DEMIR,
DENIZCAN KARADENIZ,
AVIS RENT A CAR SYSTEM, LLC
LAKE POWELL CAR RENTAL COMPANIES
an Arizona Limited Liability Company, PV HOLDING
CORPORATION, a Delaware Corporation,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT LAKE POWELL
CAR RENTAL COMPANIES' MOTION FOR SUMMARY JUDGMENT
AND
DENYING AS MOOT LAKE POWELL'S MOTION TO STRIKE PLAINTIFFS'
RESPONSE AND LAKE POWELL'S MOTION TO STRIKE EXPERT REPORT OF
JAMES S. TENNANT**

THIS MATTER comes before the Court on three of Defendant Lake Powell Car Rental
Companies' motions: Motion for Summary Judgment filed November 4, 2016 (**Doc. 105**);
Motion to Strike Plaintiff's Response in Opposition to Lake Powell's Motion for Summary
Judgment (Doc. 117), or Portions Thereof filed January 11, 2017 (**Doc. 124**); and Motion to
Strike Expert Report of James S. Tennant and to Exclude James S. Tennant from Testifying filed
January 11, 2017 (**Doc. 125**).  Having reviewed the relevant pleadings and the applicable law,
and having considered the oral arguments of counsel presented at the hearing on February 8,
2017, the Court finds the Motion for Summary Judgment is well-taken, and is therefore
**GRANTED.  As a result of the Court granting the Motion for Summary Judgment,** the
Motions to Strike are **DENIED AS MOOT**.

## BACKGROUND

### I.     Undisputed Facts[1]

This litigation arises from a car accident that occurred on July 14, 2014, in Albuquerque, New Mexico.  As a result of the accident, Plaintiffs Edmundo Amparan and Kimberly L. Amparan allege personal injury due to negligence; negligence *per se*; negligent entrustment; negligent supervision and training; mandatory statutory liability; and loss of consortium.

Defendant Lake Powell Car Rental Companies ("Lake Powell") is a licensee of Defendant Avis Rent A Car System, LLC ("Avis").  Lake Powell is a sole member limited liability company organized under the laws of Arizona and located in Page, Arizona.  Paul David Williams is the sole member and owner of Lake Powell.  Lake Powell operates under an Exclusive License Agreement with Avis, which entitles Lake Powell to use Avis' trade name, trademark, and business operating system, and obligates Lake Powell to operate its business in compliance with the Avis Systems Operation Manual.  Lake Powell does not have any employees other than the owner, Mr. Williams.[2]

On July 14, 2014, Lake Powell and Defendant Denizcan Karadeniz entered into a car rental transaction.  Mr. Karadeniz rented two vehicles, a Dodge Caravan and a Ford Mustang. Mert Tacir, who accompanied Mr. Karadeniz, completed an "additional driver" application and Lake Powell allowed Mr. Tacir to operate the Ford Mustang.  Mr. Tacir was the only authorized

---

[1] These facts are taken from the parties' briefs and are supported by evidence in the record as stated by the parties. References to the supporting exhibits are omitted, since they can be found in the parties' briefs.  The Court has not considered any of Plaintiffs' purported "additional facts" that violate Rule 56(C)(1)(A) and/or D.N.M.LR-Civ. 56.1. To the extent that a "disputed" fact is included in the Court's recitation of the facts, the Court has found there was not a legitimate dispute and the fact was not material to resolving this matter.  The facts included here have been deemed to be material by the Court and are not disputed unless otherwise noted.

[2] Mr. Williams is the owner and sole member of Lake Powell, and was the individual working there on the day of the rental transaction.  Although there is evidence in the record that Mr. Williams' sons have helped him at the store, there is no evidence or allegation that Mr. Williams had employees working for him at the time of the rental transaction.

additional driver.   Mr. Karadeniz and Mr. Tacir both presented facially-valid Turkish drivers' licenses to Mr. Williams when renting the vehicles.   Both drivers were under age 25.   Mr. Karadeniz also presented a valid credit card.   Mr. Karadeniz told Mr. Williams he was renting the cars so that he and his group could go sightseeing.  Mr. Karadeniz stated he planned to return the cars the following day to Lake Powell.

Following the rental transaction, Mr. Karadeniz and Mr. Tacir, together with Mevlut Berkay Demir and some other individuals, travelled to New Mexico in the two rental cars.   At some point during their trip, Mr. Demir was permitted to drive the Ford Mustang and he collided with Mr. Amparan's motorcycle at the intersection of Comanche and Wyoming in Albuquerque. Mr. Demir allegedly failed to yield to the green light when making a left turn in front of Mr. Amparan.   Mr. Amparan's motorcycle did not collide with the Dodge Caravan driven by Mr. Karadeniz.

After the accident, Mr. Demir testified that he did not know that a driver turning left against a green light must yield to oncoming traffic.  Mr. Demir was 21 years old.

Mr. Williams explained that he does not typically rent vehicles to drivers under age 25, but he has done so in the past.  He explained to Mr. Karadeniz and Mr. Tacir that they were the only two in the group authorized to drive.  Mr. Demir testified, however, that he understood he was permitted to drive.[3]

Avis' standards for qualifying customers for rentals require that renters be at least 25 years of age, though there are exceptions to this rule and a manager can override the 25-year age requirement.   Avis' representative Ryan Honig testified that Avis franchisees such as Lake

---

[3] There is some conflict between the testimony of Mr. Demir and Mr. Williams, so the Court resolves it in Plaintiffs' favor.  However, the dispute is not material, because even if Lake Powell somehow implicitly entrusted the vehicle to Mr. Demir, the undisputed facts show Lake Powell had no reason to believe Mr. Demir was incompetent to drive. *See infra* § I.

Powell retain ultimate discretion whether to rent a vehicle to a customer, including a customer under age 25, although Avis can provide guidance on the driver qualification procedures. Plaintiffs state that Avis' rules do not allow a renter under the age of 25 and that no exceptions applied to this case, so Lake Powell violated Avis' policies.[4]

Finally, Plaintiffs attach to their Response the report of James S. Tennant, an expert in the vehicle rental industry. Mr. Tennant opines that the "failure to properly qualify potential renters will result in danger to the public by having irresponsible and potentially dangerous persons driving rental cars." Doc. 117-5 at 2. Mr. Tennant further explains that "many rental businesses in the industry will only rent to persons over 25 years of age" because "drivers over 25 are safer." *Id.* Drivers under 25 are more frequently involved in accidents. Thus, Lake Powell acted in a manner that failed to meet vehicle rental industry standards, which resulted in an increased risk to the public. *Id.* at 2–3. Lake Powell and Avis were negligent in failing to have "clear procedures and policies" on qualifying renters. *See id.* at 3.

Count III of Plaintiffs' Amended Complaint alleges Lake Powell negligently entrusted the vehicles to Mr. Karadeniz, Mr. Tacir, and Mr. Demir. Count IV states Lake Powell negligently trained and supervised employees, which caused the subject accident. Count VII alleges loss of consortium. Lake Powell filed a Motion for Summary Judgment on these claims on November 4, 2016 (Doc. 105). Plaintiffs filed a Response on December 13, 2016 (Doc. 117). Lake Powell filed a Reply on January 12, 2017 (Doc. 127).

Lake Powell also filed a Motion to Strike Plaintiff's Response in Opposition to Lake Powell's Motion for Summary Judgment (Doc. 117), or Portions Thereof on January 11, 2017

---

[4] Although disputed, these facts are not material to the resolution of this case because, as discussed below, whether a rental agency violated its own rules regarding minimum age requirements is not material to whether the agency negligently entrusted a vehicle to a driver. *See infra* § I at 19.

(Doc. 124), and Motion to Strike Expert Report of James S. Tennant (Doc. 117-5), and to Exclude James S. Tennant From Testifying as an Expert on January 11, 2017 (Doc. 125).

## II.     Evidentiary Issues

Before discussing the merits, the Court offers some constructive criticism to Plaintiffs' counsel regarding the Response to Lake Powell's Motion for Summary Judgment. Specifically, the Court's local rule for summary judgment responses states:

> The Response must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist. **Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the non-movant relies, and must state the number of the movant's fact that is disputed.** All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted. The Response may set forth additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion. **Each additional fact must be lettered and must refer with particularity to those portions of the record upon which the non-movant relies.**

D.N.M.LR-Civ. 56.1(b) (emphasis added). Plaintiffs state they do not dispute two of Lake Powell's Undisputed Material Facts ("UMF"), Nos. 2 and 14, but then go on to offer additional facts in violation of Rule 56.1(b) and Federal Rule of Civil Procedure 56(c)(1)(A) by referring to their Additional Material Facts ("AMF") section. In the Court's view, Plaintiffs improperly add facts in their response to Defendant's UMF, which violates Rule 56.1(b). Thus, the Court will not consider these improper additional factual recitations.

Second, the Court points out the numerous flaws with Plaintiffs' AMFs in further violation of Rule 56.1(b) and Federal Rule of Civil Procedure 56(c). The purpose of those rules is to isolate additional facts so that the moving party can determine which facts require a response. Plaintiffs add an additional 45 facts that span nine pages. The vast majority of these facts are immaterial, irrelevant, contain hearsay statements, attempt to assert the subjective

thoughts of others as "facts," and constitute assertions regarding others' motives or beliefs. For example, AMF No. 3 states, "Mr. Demir understood that the reason for the inquiry 'was so that they would know I was one of the drivers." Doc. 117 at 5. AMF No. 5 states, "Mr. Demir believed that he was authorized to drive the rented vehicles." *Id.* AMF No. 14 asserts, "Mr. Williams believed that younger drivers pose a greater risk for accidents because of their inexperience." The Court has disregarded all such statements of "fact" that are not supported by admissible evidence in the record, or that do not represent information grounded in personal knowledge but are instead statements of mere belief. A properly supported summary judgment motion will not be defeated by speculative inferences, conclusory allegations, or mere conjecture. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). "Testimony which is grounded on speculation does not suffice to create a genuine issue of material fact to withstand summary judgment." *Id.* at 876.

Plaintiffs attempt to create a plethora of factual disputes, but the disputes are not genuine. Rather, Plaintiffs add facts that flesh out the basis for their claims but do not create any material dispute. For example, AMF No. 7 states that "Mr. Williams described the criteria he uses in deciding whether to rent a vehicle to a customer under 25 years of age: the customer must have a credit card, a local residence, and plan to use the vehicle for work-related purposes." Lake Powell disputes AMF No. 7, pointing out Mr. Williams' deposition testimony does not support the allegation. *See* Doc. 127 at 5. The Court concludes this is one of many instances where the cited material does not establish the presence of a *genuine* issue of *material* fact because the criteria Mr. Williams uses in qualifying a renter is not material to elements of a negligent entrustment claim.

As another example, AMF No. 10 states "Mr. Williams knew Mr. Tacir had not understood or even read the [additional driver] form even though the form recites that he had." Plaintiffs point to portions of Mr. Williams' deposition where he testified that Mr. Tacir signed the form attesting to Mr. Tacir being at least 25 years old, while knowing that Mr. Tacir was only 21. *See* Doc. 117 at 6. Plaintiffs apparently include this "fact" to bolster their claim that Lake Powell negligently entrusted the vehicles. However, even though disputed, this fact is not material and would not change the outcome of the case. Whether Mr. Tacir read the additional driver form or signed an incorrect form is immaterial because Mr. Tacir is not the driver who collided with Mr. Amparan's motorcycle; Mr. Demir is. Moreover, both parties agree that Mr. Williams *knew* Mr. Tacir was under age 25, so the circumstances surrounding Mr. Tacir signing the additional driver form are not material. In other words, whether *Mr. Tacir* read the additional driver form is not material to whether Lake Powell negligently entrusted any vehicle to *Mr. Demir*. A fact is material if it would change the outcome of the case. *Anderson*, 477 U.S. at 248; see also *Wright ex rel. Trust Co. of Kansas v. Abbott Labs., Inc.*, 259 F.3d 1226, 1232 (10th Cir. 2001). A dispute, even if genuine, over irrelevant or immaterial facts will not defeat a summary judgment motion. *See Anderson*, 477 U.S. at 248.[5]

Virtually all of Plaintiffs' AMFs contain more than one factual statement. Moreover, in many instances, Plaintiffs fail to refer with particularity to the portions of the record on which they rely and fail to accurately support their factual contentions in further violation of Rule 56.1(b) and Rule 56(c). Plaintiffs refer the Court to pages upon pages of deposition transcripts, without any reference to page line. *See* Doc. 117 at 4–7. For example, AMF No. 5 states that "Mr. Karadeniz also indicated after the accident that he also believed that Mr. Demir was

---

[5] *See infra* Section I, where the Court discusses the elements of a negligent entrustment claim. The vehicle renter's criteria in deciding whether to rent a vehicle is immaterial to the negligent entrustment claim.

permitted to drive the vehicles." *See id.* at 5. The AMF refers to a portion of Mr. Williams'

deposition. However, the material cited does not support the purported factual assertion. Not

only do Plaintiffs cite the page of the transcript with no reference to the applicable lines, the

excerpt cited involves Mr. Williams explaining to Mr. Karadeniz that allowing Mr. Demir to

drive violated the rental agreement. *See* Doc. 117-2 at 15. The Court will not consider the

portions of the record that Plaintiffs have failed to improperly reference under Rule 56.1(b).

Although the Court views the facts in a summary judgment motion favorably to the non-movant,

there is no requirement that the Court do the work of Plaintiffs' counsel and sift through the

record in an attempt to find support for Plaintiffs' factual allegations. *See Mitchell v. City of*

*Moore, Oklahoma*, 218 F.3d 1190, 1199 (10th Cir. 2000) ("The district court was not obligated

to comb the record in order to make [plaintiff's] arguments for him.").

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits . . . show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of

demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l*

*Lab.*, 922 F.3d 1033, 1036 (10th Cir. 1993) (citations omitted). Once the moving party meets its

initial burden, the nonmoving party must show that genuine issues remain for trial "as to those

dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First*

*Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted).

A fact is material if it could have an effect on the outcome of the suit. *Smothers v. Solvay*

*Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014). A dispute over a material fact is genuine if the

evidence presented could allow a rational jury to find in favor of the nonmoving party. *EEOC v. Horizon/CMS Heathcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). A court is to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). A court cannot weigh the evidence and determine the truth of the matter, but instead determines whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and thus, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

## DISCUSSION

Lake Powell argues Plaintiffs' negligent entrustment claim fails as a matter of law for two reasons. First, Lake Powell did not entrust the Ford Mustang to Mr. Demir. Mr. Tacir and Mr. Karadeniz were the only two individuals authorized to operate the vehicles. Thus, there was no entrustment to the individual who caused the accident. Second, Lake Powell contends that even if Lake Powell did entrust the vehicle to Mr. Demir, Plaintiffs' claim still fails because they have not shown Mr. Demir was incompetent to drive the vehicle and they have not established Lake Powell knew or should have known Mr. Demir was incompetent to drive. The Court considers each argument, and agrees with Defendants that Plaintiffs' negligent entrustment claim fails as a matter of law because the undisputed evidence shows Lake Powell did not know, or have reason to know, Mr. Demir was incompetent to drive. *See Celotex,* 477 U.S. at 323 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and thus, the moving party is entitled to judgment as a matter of law).

## I.  Negligent Entrustment

Lake Powell first contends Plaintiffs have not presented evidence showing Lake Powell entrusted the Ford Mustang to Mr. Demir.  Under New Mexico law, Plaintiffs have the burden of proving each element of their negligent entrustment claim:

1.  Lake Powell was the owner of the vehicle that caused Plaintiff's [alleged] injuries;

2.  Lake Powell permitted Mr. Demir to operate the vehicle;

3.  Lake Powell knew, or should have known, that Mr. Demir was likely to use the vehicle in such a manner as to create an unreasonable risk of harm to others;

4.  Mr. Demir was negligent in operation of the motor vehicle; and

5.  Mr. Demir's negligence was a cause of the injury to Plaintiffs.

*See* UJI 13-1646 NMRA.  Lake Powell states the element of entrustment is critical, and Plaintiffs have not shown any entrustment to the person who allegedly caused the harm to Plaintiffs: Mr. Demir. *See DeMatteo v. Simon*, 1991-NMCA-027, ¶ 6, 112 N.M. 112.  Lake Powell maintains that Mr. Demir was not authorized to drive the Mustang, and in fact the undisputed facts show Lake Powell authorized *only* Mr. Karadeniz and Mr. Tacir to drive, as evidenced by the rental agreement and additional driver form.

Second, Lake Powell argues Plaintiffs cannot establish that Lake Powell knew or should have known Mr. Demir was likely to use the vehicle in a manner that would create unreasonable risk of harm to others.  *Hermosillo v. Leadingham*, 2000-NMCA-096, ¶ 19, 129 N.M. 721 ("To establish a claim for injuries caused by the negligent entrustment of an automobile, the plaintiff must show that the defendant entrusted his automobile to another whom the defendant knew or should have known was an incompetent driver, and whose incompetence caused the plaintiff's injuries.").  Lake Powell contends that although Mr. Demir and Mr. Karadeniz were under the

age of 25 and Turkish nationals, such facts do not establish Lake Powell knew or should have known at the time of the rental that they were unfamiliar with the traffic laws of the United States or otherwise unfit to drive.  Lake Powell contrasts this case with *DeMatteo*, where the entrustor of the vehicle knew the driver had several traffic citations and had been in many auto accidents.  *See* 1991-NMCA-027, ¶ 6.  In this case, Lake Powell points out there is no evidence either individual had a poor driving record or presented any safety risk whatsoever.

Lake Powell likens this case to *Drummond v. Walker*, 643 F. Supp. 190, 191 (D.D.C. 1986), where the United States District Court for the District of Columbia found the defendant car rental agency was entitled to summary judgment on the plaintiff's negligent entrustment claim. There, the defendant rented a car, fell asleep at the wheel, and collided with the plaintiff's car.  *See id.* at 190.  The driver did not actually execute the rental agreement, but was permitted to drive by the authorized renter.  *See id.* at 190–91.  The authorized driver rented the car for the defendant because the defendant did not have a valid license.  *See id.*  The plaintiff sued the defendant rental agency asserting negligent entrustment when the agency knew the driver was under age 21 and violated a policy of not renting to drivers under age 21.  *See id.* at 191.  The court found even if the agency knew the driver was under 21, and knew he would be driving the car, "such knowledge would still be insufficient to establish a prima facie case of negligent entrustment."  *Id.*  The court relied on the same section of the *Restatement* that New Mexico courts rely upon in evaluating negligent entrustment claims.  *See id. See also Armenta v. A.S. Horner, Inc.*, 2015-NMCA-092, ¶ 12, 356 P.3d 17 (quoting *Restatement (Second) of Torts* § 390 (1965)).

The court in *Drummond* emphasized the narrow nature of negligent entrustment liability, reasoning "[i]ts application has, therefore, been held limited to situations where the owner had

knowledge that the driver did not know how to drive." 643 F.Supp. at 191. The court reasoned that none of the facts, even if known by the agency, would indicate the unauthorized driver belonged to a "notoriously incompetent class." *Id.* at 192. "The fact that [the driver] was under the age of 21, or lacked adequate identification or credit does not reflect directly on his ability to operate a car competently. [The agency] would not be on notice by virtue of these facts that [the driver] was not a safe driver." *Id.* Accordingly, the agency was entitled to summary judgment. Lake Powell notes the situation in *Drummond* is nearly analogous to this case and shows the attenuated nature of Plaintiffs' negligent entrustment claim, and why it must fail.

In their Response, Plaintiffs argue Lake Powell impliedly entrusted the Mustang to Mr. Demir and in a negligent entrustment claim, permission may be express or implied. *See Armenta*, 2015-NMCA-092, ¶ 22. Plaintiffs state Lake Powell's entrustment to Mr. Demir can be implied from the circumstances because Mr. Williams asked Mr. Demir if he had a valid driver's license, which Mr. Demir understood to imply that he had permission to drive. Plaintiffs further contend that given the circumstances, the understanding that Mr. Demir had permission to drive was reasonable because the fact that the group rented two vehicles suggests that Mr. Williams knew Mr. Demir would be driving at least one of the cars.[6] Plaintiffs insist Mr. Williams implicitly entrusted both vehicles to the entire group because there was no obligation Mr. Karadeniz keep the vehicles close together, nor was there any requirement that Mr. Karadeniz monitor who was driving them.

Plaintiffs next argue this situation involves successive, multiple entrustments and Lake Powell should be liable because it was negligent in making the original entrustment to Mr. Tacir and Mr. Karadeniz, both of whom were under age 25. Plaintiffs urge that by Avis' standards,

---

[6] *See supra* Background § II. This dispute is not material because even if Lake Powell implicitly entrusted the car to Mr. Demir, the negligent entrustment claim fails due to the complete lack of evidence regarding the other elements of the tort. *See Celotex*, 477 U.S. at 323.

which were binding on Lake Powell, Mr. Karadeniz and Mr. Tacir were not qualified to drive. Therefore, Lake Powell is liable for the successive harm ultimately caused by Mr. Demir.

New Mexico law does not recognize a cause of action for negligent entrustment based on multiple, successive entrustments, so Plaintiffs rely on a number of opinions from other jurisdictions. *See e.g.*, *Rogers v. Kazee*, 460 N.E.2d 1149, 1152 (Ohio App. 1983); *Deck v. Sherlock*, 75 N.W.2d 99 (Neb. 1956).

As the final basis for their negligent entrustment claim, Plaintiffs argue Lake Powell violated Avis' internal policy against rentals to drivers under age 25, which demonstrates negligence. Plaintiffs point out Avis' standards for qualifying drivers to rent Avis vehicles requires drivers to be at least 25 years old, and that Lake Powell is bound by these standards. Plaintiffs claim that New Mexico law recognizes that violation of a defendant's own policies can constitute negligence when the policy reflects industry standards and an expert supports the negligence claim. Plaintiffs rely upon *Grassie v. Roswell Hospital Corp.*, 2011-NMCA-024, ¶ 77, 150 N.M. 283, 258 P.3d 1075, where the Court of Appeals of New Mexico held a hospital policy itself does not set the standard of care in a malpractice suit, but failure to act in accordance with one's own internal procedures can provide evidence of negligence. Furthermore, Plaintiffs' car rental industry expert, Mr. Tennant, confirms that Avis' age requirement represents an industry standard reflecting the risk associated with rentals to drivers younger than 25. Mr. Williams did not follow rental industry standards in renting the vehicles to the young Turkish men. Plaintiffs claim Lake Powell's violation of the minimum age requirement therefore demonstrates the entrustment was negligent.

Plaintiffs point out that Mr. Demir testified that he did not understand that when turning left at a green light without a green arrow, a driver must yield to oncoming traffic. Plaintiffs

allege this shows the implied entrustment to Mr. Demir was negligent.  Also, Lake Powell knew Mr. Demir was incompetent because Lake Powell knew Mr. Karadeniz was Turkish and under the age of 25, therefore Lake Powell knew Mr. Karadeniz was an unsafe driver.  In sum, Plaintiffs rest their negligent entrustment claim on the facts that Mr. Karadeniz, Mr. Tacir, and Mr. Demir were foreign drivers under the age of 25, and that Lake Powell failed to obey Avis' minimum age restriction.  *See* Doc. 117 at 23.

In the Reply, Lake Powell points out that a plaintiff in federal court defending against a summary judgment motion must meet an exacting standard and must come forward with evidence supporting each element of the claim that would be sufficient for a jury to render a verdict in the plaintiff's favor.  *See Anderson*, 477 U.S. at 249–50.  Even if Plaintiffs can prove Lake Powell entrusted the car to Mr. Demir, or that Lake Powell negligently entrusted the cars to Mr. Karadeniz, they cannot show evidence in support of the remaining elements to survive summary judgment because they cannot show the critical element that Lake Powell knew or should have known Mr. Demir and/or Mr. Karadeniz were incompetent drivers.

Lake Powell maintains its position that Plaintiffs failed to show any entrustment to Mr. Demir.  Lake Powell points out that Plaintiffs' allegations in this regard rest on their self-serving and speculative testimony that "Demir justifiably understood" Mr. Williams permitted any of the young men to drive and that this understanding "was reasonable." *See* Doc. 117 at 15.  Lake Powell contends these arguments are nothing more than statements of belief, which cannot defeat its properly supported summary judgment motion.

Next, Lake Powell argues Plaintiffs offer no authority showing this Court should recognize their multiple, successive entrustment theory.  Moreover, even if the Court were to accept the unrecognized theory, Plaintiffs' claim still fails because showing the entrustment is

only one element of the claim.  Plaintiffs argue the mere act of allowing Mr. Karadeniz and Mr. Mert to drive constitutes the negligent entrustment, but Plaintiffs have not offered any evidence showing Lake Powell knew or should have known they were incompetent drivers.

Lake Powell distinguishes the non-jurisdictional cases relied upon by Plaintiffs, arguing Plaintiffs' reliance on those cases is misplaced.  For example, in *Deck*, 75 N.W.2d at 102–03, the owner of the car was drinking with the driver who ultimately caused a car accident.  The owner left his car with the driver, and the court held a fact issue existed as to whether it was a negligent entrustment when the owner left his vehicle with the driver, knowing he had been drinking for most of the day.  *See id.*  In contrast, Lake Powell contends, here there is simply no evidence Mr. Karadeniz and Mr. Mert were incapable of driving safely.

Finally, Lake Powell contends Plaintiffs' argument relying on Avis' internal policies is misplaced and not supported by admissible evidence.  Plaintiffs rely on inadmissible expert testimony from Mr. Tennant, and they ignore the undisputed testimony from Avis' corporate representative who stated Lake Powell had ultimate discretion on how to qualify renters. Moreover, even if Plaintiffs can show Mr. Demir was unfamiliar with some American traffic laws, Plaintiffs offer no evidence Lake Powell knew or should have known Mr. Demir and/or Mr. Karadeniz were likely to use the vehicles so as to create an unreasonable risk of harm to others.

The Court agrees with Lake Powell and grants summary judgment on Plaintiffs' negligent entrustment claim.  Even if Lake Powell implicitly entrusted the vehicle to Mr. Demir, the negligent entrustment claim fails as a matter of law because the undisputed facts show Lake Powell did not know or have reason to know Mr. Demir was an unsafe driver.  The summary judgment standard in federal court is stringent.  In the Tenth Circuit, even when a plaintiff can

prove some elements of a *prima facie* case, summary judgment is appropriate when the plaintiff fails to produce evidence in support of *each* element. *See Bones*, 366 F.3d at 876 (Tenth Circuit affirmed summary judgment for employer when employee could prove some elements of her case but failed to proffer undisputed evidence in support of one element).

Moreover, following Plaintiffs' reasoning to its logical end, the Court would have to find that any driver under the age of 25, even one that presents a valid driver's license, constitutes an unreasonable risk of harm to others on the roadways. The Court refuses to adopt such a broad standard that would run contrary to New Mexico law. In New Mexico, an individual may apply for a provisional driver's license at the age of fifteen years and six months, and from there may complete requisite training to obtain a regular driver's license.[7] Car rental agencies are free to impose driver requirements above and beyond the state's lawful driving age, and could lawfully do so at any time. So the Court does not agree with Plaintiffs' conclusion that a driver under the age of 25 constitutes a *per se* incompetent driver, even with a valid license, when such reasoning would stand in stark contrast to New Mexico's driving laws. Without more, an allegation that an agency entrusted a car to a foreigner under age 25 cannot support a claim for negligent entrustment.

To establish a claim for injuries caused by the negligent entrustment of an automobile, the plaintiff must show that the defendant entrusted his automobile to another individual who the defendant knew or should have known was an incompetent driver, and whose incompetence caused plaintiff's injuries. *See DeMatteo*, 1991-NMCA-027, ¶ 6; *see also Spencer v. Gamboa*, 1985-NMCA-033, ¶ 8, 102 N.M. 692 ("plaintiff must show that the defendant loaned the car to a person it either knew or should have known was an incompetent driver, and the driver's incompetence caused the injury").

---

[7] *See* NMSA 1978, § 66-5-8(A).

As Lake Powell appropriately points out, a successful negligent entrustment claim requires evidence of the driver's incompetence, which is not present here.  It is true that Mr. Demir and Mr. Karadeniz were both Turkish nationals and under age 25 at the time of the rental transaction, and that Mr. Williams knew these facts, but these facts do not show the men were incompetent drivers.  Plaintiffs' negligent entrustment claim against Lake Powell is flawed because Plaintiffs conflate several of the elements with other arguments regarding Lake Powell's alleged negligence.  If anyone caused the Amparans' injuries, it was Mr. Demir, because he was driving the Ford Mustang that collided with Mr. Amparan's motorcycle.  Thus, to establish a claim against Lake Powell for negligent entrustment that caused Plaintiffs' injuries, Plaintiffs must establish that Lake Powell entrusted the Mustang to Mr. Demir, that Mr. Demir was incompetent to drive, *and* that Lake Powell knew or should have known of Mr. Demir's incompetence. *See* UJI 13-1646 NMRA, *Spencer*, 1985-NMCA-033, ¶ 8.  Viewing the evidence most favorably to Plaintiffs, the undisputed facts show they cannot meet all the elements of their claim.

The undisputed material facts show Lake Powell was not aware, and had no reason to be aware, that Mr. Demir presented an unreasonable risk of harm as a driver.  Plaintiffs attempt to manufacture a material dispute in this regard by claiming the mere fact that Lake Powell rented the vehicles to drivers under the age of 25 amounted to negligent entrustment, and that Lake Powell knew the drivers were under age 25, thus Lake Powell had reason to know they would use the vehicles to create an unreasonable risk of harm to others.  The Court agrees with Lake Powell that *Drummond* persuasively sheds light on the key issue of whether a driver's age, standing alone, establishes incompetence.  In *Drummond*, the court reasoned that even if the rental agency knew the unauthorized driver was under 21 years of age, such knowledge was

insufficient to establish negligent entrustment.  *See* 643 F.Supp. at 191–92.[8]  Likewise here, there is no dispute Mr. Williams knew the drivers were under age 25 but presented valid driver's licenses.  Such facts, standing alone, do not establish negligent entrustment because there is no evidence Mr. Williams knew or should have known the young men could not drive safely.

Negligent entrustment is a narrow tort, which imposes liability on an individual only when the owner of the vehicle entrusts the vehicle to someone who indicates that he or she is incompetent to safely operate the vehicle.  *DeMatteo* presents a strong example of the proper scope of a negligent entrustment claim, and illustrates why the undisputed facts here do not establish the requisite elements of the tort.  In *DeMatteo*, the New Mexico Court of Appeals held a company could be liable for negligent entrustment when the company's representative knew of the poor driving record of the driver to whom the company entrusted a vehicle and that the driver had been involved in several accidents.  1991-NMCA-027, ¶ 6.  The facts here starkly contrast with those in *DeMatteo*.  There is simply no evidence Mr. Demir, Mr. Karadeniz, or Mr. Tacir were unsafe drivers.  Lake Powell had no knowledge of any prior accidents, drug or alcohol use, or any other habits that would make the individuals incompetent drivers.  There is no evidence Lake Powell knew *anything* about the individuals, other than that Mr. Karadeniz and Mr. Tacir supplied valid drivers' licenses, were Turkish, and were over the age of 21.  The undisputed evidence shows Lake Powell had no reason to know of Mr. Demir's alleged incompetence simply because he was under age 25 and a Turkish national.

Moreover, even though Mr. Demir testified that he did not know a driver turning left at a green light must yield to oncoming traffic, there is no evidence Lake Powell *knew* this fact.

---

[8] *See also Scott v. Hertz Corp.*, 722 So. 2d 231 (Fla. Dist. Ct. App. 2d Dist. 1998) (Plaintiffs could not state a claim for negligent entrustment against car rental agency based only on rental to a driver under 25, contrary to the agency's policy establishing 25 as the driver's minimum age); *Robison v. Enterprise Leasing Company—South Cent., Inc.*, 57 So. 3d 1, 5 (Miss. Ct. App. 2010) (negligent entrustment cannot be sustained on age alone, even with evidence underage driver had recently been in an accident and received numerous citations).

Indeed, even if there was evidence that Lake Powell knew Mr. Karadeniz, Mr. Tacir, or Mr. Demir had on occasion driven unsafely or did not understand some traffic laws, such knowledge alone would not amount to a negligent entrustment. Viewing Mr. Demir's testimony most favorably to Plaintiffs, his admission that he did not know to yield to a green light when making a left turn does not show he was an incompetent driver. In *McCarson v. Foreman*, 1984-NMCA-129, ¶ 20, 102 N.M. 151, the New Mexico Court of Appeals explained "one or two specific acts of negligence are generally insufficient to establish incompetence since even a perfectly competent driver occasionally will act negligently."

Next, the Court is not convinced by Plaintiffs' arguments regarding multiple, successive entrustments. At the outset, the Court notes New Mexico law does not recognize liability for negligent entrustment based on successive entrustments. The authority Plaintiffs cite in this regard is from other jurisdictions, thus non-binding and hardly persuasive. In any event, even if the Court were to impose liability based on multiple, successive entrustments, the cases Plaintiffs rely upon are readily distinguishable.

For example, in *Rogers*, 460 N.E.2d at 1152, the Ohio Court of Appeals did note that "[l]iability can be imposed on a car owner for the negligent actions of an entrustee of the original entrustee if it can be shown that the original entrustment was negligent." However, the court affirmed summary judgment for the defendant because the link between the original entrustment and the plaintiff's injury was too attenuated. In *Rogers*, a mother entrusted her car to her daughter, and the son-in-law later drove the mother's car while intoxicated and collided with the plaintiff. *See id.* at 1151. The plaintiff sued the mother for negligent entrustment of the vehicle to the daughter on a theory of multiple, successive entrustments. The court rejected the plaintiff's theory, and distinguished it from other cases where successive entrustments provide a

basis for liability when the owner of a car entrusts it to someone else who had been drinking and was going to a bar to continue drinking with another person who subsequently drove the car while intoxicated. *Id.* at 1152. In *Rogers*, the court reasoned it "would be unreasonable and speculative" to conclude it was negligent for the mother to entrust the car to her daughter even if the mother knew the son-in-law had been drinking and may be likely to use the mother's car. *See id.* Similarly here, it would be speculative to conclude Lake Powell should be liable for entrusting vehicles to a driver with a valid license simply because that driver was under the age of 25.[9]

Lastly, the Court does not agree that Lake Powell's alleged violation of Avis' age policy constitutes a negligent entrustment or is somehow probative in establishing negligent entrustment. A successful negligent entrustment claim requires evidence that a driver is incompetent, and the entrustor should have known of the incompetence. Plaintiffs have provided no authority showing that in the negligent entrustment context, a renter knows a driver under age 25 is incompetent when the renter allegedly violates minimum age requirements. *See Scott v. Hertz Corp.*, 722 So. 2d 231 (Fla. Dist. Ct. App. 1998) (Plaintiffs could not state a claim for negligent entrustment against car rental company based only on company's decision to rent a car to a driver under 25, contrary to the company's policy establishing 25 as the driver's minimum age.)[10] *Grassie* does not help Plaintiffs in this regard, primarily because it did not deal with negligent entrustment. There, the Court of Appeals of New Mexico held only that a defendant's violation of its own internal rules can have probative value in establishing negligence, but the

---

[9] Likewise, the Court agrees with Lake Powell that *Deck*, 75 N.W.2d at 102–03 is similarly inapposite because there, the defendant, driver, and third person were excessively drinking together and the defendant left his car with the third person who ultimately let the driver use the car, which caused the accident.

[10] *See also Mathews v. Federated Serv. Ins. Co.*, 857 P.2d 852, 858 (Or. App. 1993) (Although car rental agency allegedly had rule against renting cars to drivers under 25 years of age, agency did not negligently entrust automobile to person where person was under 25 but legally old enough to drive under state law).

rules do not establish the standard of care. *See* 2011-NMCA-024, ¶ 77. Thus, under Plaintiffs'

own reading of *Grassie*, they needed to provide this Court with more evidence showing Lake

Powell's negligent entrustment for the principle in *Grassie* to even be relevant, which they have

not done. Moreover, as Lake Powell appropriately highlights, Plaintiffs have not asserted a

general negligence theory against Lake Powell so the relevance of *Grassie* is tangential at best.

Here again, Plaintiffs conflate the elements of negligent entrustment with general

negligence principles in attempting to craft their own unique version of the tort. Plaintiffs' novel

theories regarding alleged violations of Avis' internal safety rules and "multiple, successive

entrustments" attempt to morph New Mexico negligent entrustment law into something it is not.

Once more, to prove a negligent entrustment claim against Lake Powell, Plaintiff must establish:

1. Lake Powell owned the car that caused Plaintiffs' injuries

2. Lake Powell permitted Mr. Demir to drive the car

3. Lake Powell knew, or should have known, Mr. Demir was likely to use the vehicle in a dangerous manner

4. Mr. Demir negligently operated the car

5. Mr. Demir's negligence caused Plaintiffs' injuries

*See* UJI 13-1646 NMRA. None of these elements provide that a vehicle owner can be liable or

that an owner should know an individual is likely to use a vehicle in a manner to create an

unreasonable risk of harm because of an alleged violation of an internal safety rule. Even

viewing the facts regarding Lake Powell's alleged violation of Avis' internal rules most

favorably to Plaintiffs, they do not establish that Lake Powell knew or had reason to know Mr.

Demir was incompetent to drive. A genuine dispute is not created by a mere "scintilla" of

evidence favorable to Plaintiffs. *Anderson*, 477 U.S. at 252. Rather, "there must be evidence on

which the jury could reasonably find for" Plaintiffs. *Id.* Whether Lake Powell violated Avis

rules has no bearing on whether Lake Powell knew, or should have known, Mr. Demir was likely to use the vehicle in a dangerous manner. Quite simply, Plaintiffs have presented the Court with no evidence remotely suggesting Mr. Demir was incompetent to drive. Plaintiffs have not shown Mr. Demir had a history of auto accidents or traffic citations, and they have not even alleged he was under the influence of alcohol or drugs at the time of the accident.[11]

Even viewing Mr. Tennant's testimony most favorably to Plaintiffs, his expert opinions do not present a genuine issue of material fact as to whether Lake Powell negligently entrusted a vehicle to Mr. Karadeniz, Mr. Tacir, and/or Mr. Demir. Mr. Tennant's expert testimony does not demonstrate the need for a trial because it presents no material dispute on whether Lake Powell knew or should have known Mr. Demir was incompetent or whether Mr. Demir was in fact incompetent to drive. Mr. Tennant opines that Lake Powell negligently entrusted the vehicle because allowed drivers under the age of 25 when the standard in the rental industry is *usually* to require drivers be at least 25 because drivers in the 21 to 24 age range have a higher accident rate. Most problematically for Plaintiffs, Mr. Tennant himself concedes that not all rental agencies require drivers to be 25. In fact, Avis allows rentals to drivers under 25, with certain conditions. And, he explains that when businesses do rent to drivers under 25, there are *usually* restrictions and extra charges. It may very well be true that rental companies often impose a 25 year old age requirement for statistically supported safety reasons. However, this has no bearing on whether the entrustment here was negligent. Furthermore, as Mr. Tennant himself explained, not all rental companies require drivers be 25 and in fact there can be exceptions to this rule.

The Court offers a hypothetical to illustrate why Mr. Tennant's testimony is not material. Lake Powell or Avis would be legally entitled to change their rules at any time to impose a 21

---

[11] Nor have Plaintiffs established the entrustment to Mr. Karadeniz and/or Mr. Tacir was negligent because they both had valid driver's licenses, and there is no evidence either one had a history of prior accidents, traffic citations, or drug or alcohol use while driving.

year age requirement, even if industry standard remained at 25 years.  Defendants could freely do so without violating state age requirements for drivers' licenses.  Yet, if Defendants changed their rules to a 21 year minimum, in each and every instance where a renter got into a car accident and was under age 25, Defendants would face liability based on a blanket rule that all drivers under age 25 constitute and unreasonable risk of harm to the public.  The tort of negligent entrustment does not reach so expansively.  Assuming for Plaintiffs' sake it is true that drivers under 25 have a higher incidence of accidents, this fact does not mean that it is a negligent entrustment to allow a driver under age 25 to drive a car when that driver has presented a valid license and credit card, and has no known history of poor driving or driving under the influence.  Thus, the Court concludes Mr. Tennant's report does not create a genuine issue of material fact on Plaintiffs' claims against Lake Powell. *See Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001) (quoting *Matthiesen v. Banc One Mortgage Corp.*, 173 F.3d 1242, 1247 (10th Cir. 1999)) (The Court can disregard expert testimony if it fails to raise a genuine issue of material fact).

In sum, Plaintiffs' negligent entrustment claim fails because there is no evidence Lake Powell knew or should have known Mr. Demir was incompetent to drive.  Plaintiffs have not established a sufficient factual nexus between Lake Powell and Mr. Demir, so there is no basis to hold Lake Powell liable for negligent entrustment.  Plaintiffs ask this Court to ignore the elements of the tort and infer negligence because Lake Powell allegedly deviated from Avis rental policies.  Plaintiffs also ask this Court to make drastic leaps in connecting Mr. Karadeniz's rental to Mr. Demir's alleged causation of the car accident.  Plaintiffs improperly attempt to blend a cause of action based on Lake Powell's alleged failure to adhere to Avis' policy into their claim for negligent entrustment.  In doing so, Plaintiffs conflate the issues and impose their own standards onto the narrow and well-established common law tort.  The Court refuses to

conclude that all drivers under the age of 25 pose a risk to the public, and will not rule that Lake Powell should have known the drivers were incompetent simply by way of their Turkish nationality.   Such a finding conflicts with New Mexico tort law and expands negligent entrustment tort well beyond its recognized bounds.

## II.      Negligent Supervision and Training

The Court finds Lake Powell is entitled to summary judgment on Plaintiffs' claim of negligent supervision and training because Plaintiffs have presented no evidence Lake Powell was the employer of any Defendant in question.  Moreover, Plaintiffs did not respond to Lake Powell's arguments regarding negligent supervision and training, so the Court finds Plaintiffs have conceded to Lake Powell's arguments, or they have abandoned their claim for negligent supervision and training.

To prove a claim of negligent supervision and training, a plaintiff must supply evidence that the defendant employed the employee in question, that the defendant knew or should have known that hiring, retaining, and/or supervising the employee would create an unreasonable risk of injury to a plaintiff, that the defendant failed to use ordinary care in hiring, retaining, and or supervising the employee, and that the defendant's negligence in hiring, retaining, and/or supervising the employee was a cause of the plaintiff's injury. UJI 13-1647 NMRA; *Lessard v. Coronado Paint and Decorating Center, Inc.*, 2007-NMCA-122, ¶¶ 28, 37, 142 N.M. 583. Lake Powell contends the negligent supervision and training claim fails for the sole reason that Mr. Williams was not an employee of Lake Powell.  Instead, he is the owner and the only member of the company that rented the vehicle to Mr. Karadeniz.  In other words, Lake Powell as an entity does not exist apart from Mr. Williams.   Under New Mexico law, Plaintiffs "must supply evidence that the defendant was the employer of the employee in question." UJI 13-1467.

24

Because there is no genuine issue of material fact that Mr. Williams was not an employee of Lake Powell, and was instead the company's sole member and owner, Plaintiffs' negligent supervision claim necessarily fails.

Plaintiffs' negligent supervision and training claim also fails because, even if Plaintiffs could establish that Mr. Williams was an employee of Lake Powell or that Mr. Williams somehow negligently supervised himself, Plaintiffs cannot prove the alleged negligent supervision and training was the cause of Plaintiffs' injuries.  Plaintiffs have developed no evidence that Mr. Williams failed to properly supervise or train himself on how to rent the vehicle to Mr. Karadeniz. Finally, the negligent supervision and training theory does not exist separately from the negligent entrustment claim because, absent proof the vehicle was negligently entrusted, Plaintiffs cannot prove the negligent entrustment occurred as a result of a failure of Lake Powell to supervise and/or properly train its owner, Mr. Williams.

Plaintiffs offer no response to Lake Powell's arguments on negligent supervision and training.  The failure to respond constitutes an abandonment of the claim or a concession to Lake Powell's arguments.  The facts as recited by Lake Powell in this regard are deemed admitted. *See Chavez v. New Mexico*, 397 F.3d 826, 839 (10th Cir. 2005) ("Without a specific reference, [the court] will not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury."); *See also* Fed. R. Civ. P. 56(e)(3).  The test is whether the facts, viewed in the light most favorable to Plaintiffs, are such that a reasonable jury could find for Plaintiffs, which it could not. *See Anderson*, 477 U.S. at 248. Quite simply, Lake Powell has no employees.  It is undisputed that Mr. Williams is the sole member of Lake Powell.  There is no evidence Lake Powell employed *any* employee in question, that Lake Powell knew or should have known that training and/or supervising the phantom

employee would create an unreasonable risk of injury to a plaintiff, that Lake Powell failed to use ordinary care in training and/or supervising any employee, or that Lake Powell's negligence in hiring, retaining, and/or supervising the employee was a cause of the plaintiff's injury. *See* UJI 13-1647

### III.   Loss of Consortium

The Court has entered summary judgment in Lake Powell's favor on Plaintiffs' negligent entrustment and negligent supervision and training claims, so the loss of consortium claim must be dismissed.  Loss of consortium derives from the underlying cause of action in the physically-injured spouse. *Archer v. Roadrunner Trucking, Inc.*, 1997-NMSC-003, ¶ 11, 122 N.M. 703. "[I]f the defendant did not cause the injured spouse's damages, from which flow all the damages for loss of consortium, defendant's actions cannot be the proximate cause of the loss of consortium damages either." *Turpie v. Sw. Cardiology Assocs., P.A.*, 1998-NMCA-042, ¶ 9, 124 N.M. 787.  Therefore, the Court dismisses Plaintiffs' loss of consortium claim against Lake Powell.

### IV.   Lake Powell's Motions to Strike

The deficiencies in Plaintiffs' briefing caused Lake Powell to file a Motion to Strike Plaintiffs' Response (Doc. 124).  Despite these flaws, the Court was able to evaluate the parties' arguments and the factual issues, and the Court finds Lake Powell is entitled to summary judgment on Plaintiffs' negligent entrustment and negligent supervision and training claims. Because the Court grants Defendant's Motion for Summary Judgment, it need not exercise its discretion to strike Plaintiffs' Response, as the Motion to Strike is now moot.

Lake Powell also moved to strike Mr. Tennant's expert report, arguing Plaintiffs' disclosure was not timely and Lake Powell was prejudiced by the improper disclosure because

Plaintiffs disclosed Mr. Tennant long after the close of discovery. See Doc. 125. Lake Powell appropriately pointed out Plaintiffs failure to supplement their prior discovery responses that indicated they had not yet retained an expert on corporate liability. The Court is of the opinion that Plaintiffs' purpose in procuring Mr. Tennant as an expert witness on corporate liability was for the purpose of assisting Plaintiffs in responding to Lake Powell's summary judgment motion. While the Court acknowledges the untimely disclosure of Mr. Tennant and the potential prejudice to Lake Powell as a result of the untimely disclosure of an expert witness, the Court need not address Lake Powell's Motion to Strike as it is now rendered moot by the Court's decision to grant summary judgment on the claims against Lake Powell.

Accordingly, the Court finds that Lake Powell's Motion for Summary Judgment (**Doc. 105**) is well-taken, and therefore **GRANTED**. Plaintiffs' claims against Lake Powell are hereby dismissed **WITH PREJUDICE**. Furthermore, Lake Powell's Motion to Strike Plaintiffs' Response (**Doc. 124**) and Motion to Strike Expert Report of James S. Tennant (**Doc. 125**) are **DENIED AS MOOT**.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE