IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDMUNDO AMPARAN and
KIMBERLY L. AMAPARN,

       Plaintiffs,

v.                                    No.  1:15-cv-00045 WJ/GJF

MEVLUT BERK DEMIR,
DENIZCAN KARADENIZ,
AVIS RENT A CAR SYSTEM, LLC
LAKE POWELL CAR RENTAL COMPANIES
an Arizona Limited Liability Company, PV HOLDING
CORPORATION, a Delaware Corporation,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT AVIS RENT A
CAR SYSTEM, LLC'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS'
CLAIM FOR NEGLIGENT ENTRUSTMENT
AND
GRANTING MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM FOR
NEGLIGENT SUPERVISION AND TRAINING**

       THIS MATTER comes before the Court on two of Defendant Avis Rent A Car System

LLC's motions: Motion for Summary Judgment on Plaintiffs' Claim for Negligent Entrustment

filed November 4, 2016 (**Doc. 106**) and Motion for Summary Judgment on Plaintiffs' Claim for

Negligent Supervision and Training filed November 4, 2016 (**Doc. 107**).  Having reviewed the

relevant pleadings and the applicable law, and the oral arguments of counsel presented at the

hearing on February 8, 2017, the Court finds the Motions for Summary Judgment are well-taken,

and are therefore **GRANTED.**

**BACKGROUND**

**I.**      **Undisputed Facts**

       This litigation arises from a car accident that occurred on July 14, 2014, in Albuquerque,

New Mexico.  As a result of the accident, Plaintiffs Edmundo Amparan and Kimberly L.

Amparan allege personal injury due to negligence; negligence *per se*; negligent entrustment; negligent supervision and training; mandatory statutory liability; and loss of consortium.

Defendant Lake Powell Car Rental Companies ("Lake Powell") is a licensee of Defendant Avis Rent A Car System, LLC ("Avis").  Lake Powell is a sole member limited liability company organized under the laws of Arizona and located in Page, Arizona.  Paul David Williams is the sole member and owner of Lake Powell.  Lake Powell operates under an Exclusive License Agreement with Avis, which entitles Lake Powell to use Avis' trade name, trademark, and business operating system, and obligates Lake Powell to operate its business in compliance with the Avis Systems Operation Manual.  The Agreement provides that Avis may terminate the relationship with Lake Powell if Lake Powell fails to adhere to the Agreement.

Lake Powell does not have any employees other than the owner, Mr. Williams.  Mr. Williams was the only person working at Lake Powell on July 14, 2014.  Mr. Williams never received any training at his store from anyone at Avis regarding qualifying customers to rent vehicles.  Mr. Williams has been in the car rental industry for about 26 years.  He uses a software system called Wizard to operate his car rental store.   The Wizard system provides a manager such as Mr. Williams to approve a driver under age 25.   Wizard requires entry of a valid credit card but does not validate a driver's license or customer's date of birth.

On July 14, 2014, Lake Powell and Defendant Denizcan Karadeniz entered into a car rental transaction.  Mr. Karadeniz rented two vehicles, a Dodge Caravan and a Ford Mustang.  Mert Tacir, who accompanied Mr. Karadeniz, completed an "additional driver" application and Lake Powell allowed Mr. Tacir to operate the Ford Mustang.  Mr. Tacir was the only authorized additional driver.  Mr. Karadeniz and Mr. Tacir both presented facially-valid Turkish drivers' licenses to Mr. Williams when renting the vehicles.  Both drivers were under age 25.  Mr.

Karadeniz also presented a valid credit card.  Mr. Karadeniz told Mr. Williams he was renting the cars so that he and his group could go sightseeing.  Mr. Karadeniz stated he planned to return the cars the following day to Lake Powell.

Following the rental transaction, Mr. Karadeniz and Mr. Tacir, together with Mevlut Berkay Demir and some other individuals, travelled to New Mexico in the two rental cars.  At some point during their trip, Mr. Demir was permitted to drive the Ford Mustang and he collided with Mr. Amparan's motorcycle at the intersection of Comanche and Wyoming in Albuquerque.  Mr. Demir allegedly failed to yield to the green light when making a left turn in front of Mr. Amparan.  Mr. Amparan's motorcycle did not collide with the Dodge Caravan driven by Mr. Karadeniz.  After the accident, Mr. Demir testified that he did not know that a driver turning left against a green light must yield to oncoming traffic.   Mr. Demir was 21 years old.  A driver's license number was recorded in the police report from the accident, which indicated it was a Turkish driver's license.

The License Agreement requires that renters be at least 25 years of age, though there are exceptions to this rule and a manager can override the 25-year age requirement.   Avis' representative Ryan Honig testified that Avis licensees such as Lake Powell retain ultimate discretion whether to rent a vehicle to a customer, including a customer under age 25, although Avis can provide guidance on the driver qualification procedures.  Mr. Honig explained Avis does not provide guidance to licensees on renting to drivers under age 25 because the decision involves a case-by-case evaluation of the circumstances, and ultimately the licensee must feel comfortable with the circumstances.  Plaintiffs state that Avis' rules do not allow a renter under

the age of 25 and that no exceptions applied to this case, so Lake Powell violated Avis' policies.[1] Mr. Williams has rented to drivers under age 25 in the past when the renter is a local individual who he is familiar with, is someone renting the car for a business purpose, has insurance on their own vehicle, and a valid credit card.  In this case, he believed Mr. Karadeniz and his group were employees of a local company, were 21, and presented a valid credit card and drivers' licenses, which is why he chose to allow them to rent the cars.

Finally, Plaintiffs incorporate by reference in the Response the report of James S. Tennant, an expert in the vehicle rental industry.  Mr. Tennant opines that the "failure to properly qualify potential renters will result in danger to the public by having irresponsible and potentially dangerous persons driving rental cars."  Doc. 117-5 at 2.  Mr. Tennant further explains that "many rental businesses in the industry will only rent to persons over 25 years of age" because "drivers over 25 are safer."  *Id.*  Drivers under 25 are more frequently involved in accidents. Thus, Lake Powell acted in a manner that failed to meet vehicle rental industry standards, which resulted in an increased risk to the public.  *Id.* at 2–3.  Lake Powell and Avis were negligent in failing to have "clear procedures and policies" on qualifying renters.  *See id.* at 3.  Mr. Tennant opines that Avis was negligent in allowing Mr. Williams to have discretion in renting vehicles when Avis "knew, or should have known, that in spite of many years in the car rental industry, has a very poor understanding of such basic industry principals as rental qualification policies, [and] underage rental policies."  *Id.* at 5.  He states Avis "should not have allowed Mr. Williams to rent these vehicles to Mr. Karadeniz" because the accident would not have occurred otherwise. *Id.*

---

[1] Although disputed, these facts are not material to the resolution of this case because, as discussed below, whether a rental agency violated its own rules regarding minimum age requirements is not material to whether the agency negligently entrusted a vehicle to a driver.  *See infra* § I.

Count III of Plaintiffs' Amended Complaint alleges Avis negligently entrusted the vehicles to Mr. Karadeniz, Mr. Tacir, and Mr. Demir.  Count V states Avis negligently trained and supervised employees, which caused the subject accident.  Avis filed two motions on these claims on November 4, 2016: Motion for Summary Judgment on Plaintiffs' Claim for Negligent Entrustment (Doc. 106) and Motion for Summary Judgment on Plaintiffs' Claim for Negligent Supervision and Training (Doc. 107).  Plaintiffs filed Responses on December 13, 2016 (Docs. 118 and 119).  Lake Powell Replies on January 26, 2017 (Docs. 136 and 137).

## II.      Evidentiary Issues

The Court incorporates by reference its discussion of the deficiencies in Plaintiffs' briefing set forth in the Court's Memorandum Opinion and Order Granting Lake Powell's Motion for Summary Judgment.  *See* Doc. 150 at 5–8.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  *See Shapolia v. Los Alamos Nat'l Lab.*, 922 F.3d 1033, 1036 (10th Cir. 1993) (citations omitted).  Once the moving party meets its initial burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof."  *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted).

A fact is material if it could have an effect on the outcome of the suit.  *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014).  A dispute over a material fact is genuine if the

evidence presented could allow a rational jury to find in favor of the nonmoving party. *EEOC v. Horizon/CMS Heathcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). A court is to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). A court cannot weigh the evidence and determine the truth of the matter, but instead determines whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and thus, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

## DISCUSSION

### I.    Negligent Entrustment

Avis makes three principal arguments regarding Plaintiffs' claim for negligent entrustment.  First, the Graves Amendment precludes joint and several liability.  Second, Avis did not entrust a vehicle to Mr. Demir because the transaction occurred at Lake Powell, an Avis licensee location.  Third, Plaintiffs have no evidence Mr. Demir was incompetent to drive, nor have they shown Avis knew or should have known Mr. Demir was incompetent to drive.   The Court agrees, and finds Avis is entitled to summary judgment on Plaintiffs' claim for negligent entrustment.

Avis first points out that the Graves Amendment, 49 U.S.C. § 30106(a), expressly preempts vicarious liability claims against commercial vehicle lessors.  *Guinn v. Great W. Cas. Co.*, No. CIV-09-1198-D, 2010 WL 4811042, at *6 (W.D. Okla. Nov. 19, 2010).  Plaintiffs' Amended Complaint asserts joint and several liability against Avis, so the claim necessarily must fail based on the statute's plain language.  *See* 49 U.S.C. § 30106(a).

6

Plaintiffs respond that the Graves Amendment does not preclude direct liability claims against Avis.  Thus, the parties agree, and this was confirmed at the February 8, 2017 hearing, that the Graves Amendment does not preclude direct claims, but preempts vicarious liability claims against Avis. Accordingly, the Court concludes that to the extent Plaintiffs pursue a claim against Avis for joint and several liability, the Graves Amendment precludes such a claim.  *See* 49 U.S.C. § 30106(a)(2) (permits lessor liability if there was negligence on the part of the owner).

Turning to whether Avis may be held directly liable for negligently entrusting a vehicle, Avis first argues it never rented any vehicle to the drivers involved in this matter, so Plaintiffs' claim summarily fails.  Under New Mexico law, Plaintiffs must establish Avis entrusted a vehicle to a driver who subsequently operated a vehicle and caused Plaintiffs' injuries.  *See DeMatteo v. Simon*, 1991-NMCA-027, ¶ 2, 112 N.M. 112.  Liability is predicated on the entrustor allowing an incompetent person to drive so long as the driver causes the plaintiff's injury.  *See id.* ¶ 6; *See also* UJI 13-1646 NMRA.  Avis contends that it is undisputed the rental took place at Lake Powell, Avis' licensee, and that Lake Powell has ultimate discretion on how to qualify a driver to rent a vehicle.  Avis cannot be liable for negligent entrustment when it never entrusted any vehicle.

Second, Avis argues there is no evidence of Mr. Demir's driving competency, and there is no evidence Lake Powell and/or Avis knew or should have known about Mr. Demir's incompetency.  An element of negligent entrustment is that the defendant "knew or should have known that [driver] was likely to use the vehicle in such a manner as to create an unreasonable risk of harm to others."  UJI 13-1646; *McCarson v. Foreman*, 1984-NMCA-129, ¶ 20, 102 N.M.

151 ("the entrustee's habits may be such that the owner should know that the driver is likely to become drunk or otherwise unfit at any time").

Moreover, New Mexico law requires evidence that the driver was actually incompetent, which Plaintiffs have not established.  In *Spencer v. Gamboa*, 1985-NMCA-033, ¶ 15, 102 N.M. 692, the New Mexico Court of Appeals held the defendant was entitled to summary judgment because the undisputed facts revealed no evidence the driver was unfit.  The driver was licensed to drive for fourteen years, without incident.  *Id.*  The driver borrowed a vehicle from the dealer defendant for a test drive, and ran a red light killing another driver.  *Id.* ¶ 1.  Plaintiff argued the dealer violated a statute by loaning the car to a driver with an expired license, and sued the dealer for negligent entrustment.  *Id.* ¶ 8.  The court explained that despite the expired license, there was simply no evidence the dealer knew or should have known the driver was incompetent to safely operate a car.  *Id.* ¶ 15.  Avis emphasizes that once the drivers presented their valid Turkish drivers' licenses, there would need to be additional evidence of driver incompetence to support a negligent entrustment claim against a rental company.

Avis also points out that the mere fact that Mr. Demir is Turkish cannot support a negligent entrustment claim.  Other courts have rejected the same argument, reasoning it is improper for a court to assume all foreign nationals are less than competent drivers.  *See Nielson v. Ono*, 750 F.Supp. 439, 440–442 (D. Haw. 1990) (court rejected argument that a Japanese driver posed a greater risk because she spoke little English and was presumably unfamiliar with local traffic laws); *Krupp v. Pan Air Corp.*, 183 So.2d 403, 407 (La. Ct. App. 1966) (negligence of a Brazilian driver who held a valid Brazilian driver's license and who suffered from no mental or physical infirmities could not be imputed to rental agency even though it knew he was a foreign citizen).

Finally, Avis maintains that the mere fact that Mr. Demir was under age 25 does not support a negligent entrustment claim against Avis, regardless of any corporate policy that Lake Powell and/or Avis allegedly violated in renting to 21-year-old drivers. Avis relies on decisions from other jurisdictions, which provide that when a car rental agency violates its own minimum age requirements in renting to a driver, the age standing alone does not establish negligent entrustment. *See Mathews v. Federated Serv. Ins. Co.*, 857 P.2d 852, 857–58 (Or. App. 1993); *Drummond v. Walker*, 643 F. Supp. 190, 191 (D.D.C. 1986) *aff'd*, 861 F.2d 303 (D.C. Cir. 1988); *Scott v. Hertz Corp.*, 722 So. 2d 231 (Fla. Dist. Ct. App. 1998); *Wheat v. Kinslow*, 316 F. Supp. 2d 944, 953 (D. Kan. 2003). Negligent entrustment requires more than merely renting to a driver who is younger than a policy recommendation. To conclude otherwise contravenes the simple fact that car rental companies are free to change their own rules regarding age requirements at any time, and obviously have total discretion to determine whether to implement exceptions to their minimum age requirements. *Mathews*, 857 P.2d at 857–58. In this case, Avis argues the undisputed evidence shows Mr. Demir was 21 years old and from Turkey, but these facts alone do not establish he was an incompetent driver. In the same vein, these facts do not establish that Avis knew or should have known that Mr. Demir was incompetent to drive. Thus, Avis maintains, Plaintiffs' negligent entrustment claim fails as a matter of law.

Plaintiffs respond first that Avis is liable for negligent entrustment under a theory of successive, multiple entrustments. Avis is responsible for the original negligent entrustment to Lake Powell, when Lake Powell's negligence caused the entrustment that ultimately led to Plaintiffs' injuries. New Mexico law does not recognize a cause of action for negligent entrustment based on multiple, successive entrustments, so Plaintiffs rely on a number of opinions from other jurisdictions. *See e.g.*, *Rogers v. Kazee*, 460 N.E.2d 1149, 1152 (Ohio App.

1983); *Deck v. Sherlock*, 75 N.W.2d 99 (Neb. 1956).  Plaintiffs argue Avis entrusted the vehicles to Lake Powell with conflicting and confusing instructions as to whether Mr. Williams had discretion to rent the vehicles to drivers under age 25.  Avis policies reflect a concern that drivers under 25 have an increased risk of accidents, and Avis generally prohibits rentals to drivers under 25.  The Executive License Agreement between Mr. Williams and Avis makes it clear that Lake Powell was not permitted to vary from Avis' age requirement.  Nonetheless, Avis allowed Lake Powell to rent to drivers under 25 with manager approval.  Lastly, Avis did not train Lake Powell on how to exercise discretion in renting vehicles.  Therefore, Plaintiffs maintain that a "reasonable jury could conclude that Avis is responsible for the accident that resulted from Lake Powell's rental to drivers under 25" essentially because Avis entrusted the vehicles with confusing directions and without training or supervising Mr. Williams.  Plaintiffs state the negligence of the original entrustment makes Avis liable for the subsequent harm caused by Mr. Demir.

Second, Plaintiffs argue Lake Powell violated Avis' minimum age requirements, which demonstrates negligence.   Mr. Honig, Avis' representative, and Mr. Tennant, Plaintiffs' expert, recognize the minimum age requirement of 25 years represents an industry standard.   Thus, Avis' practice of purporting to give licensees "unlimited discretion in qualifying renters also violated Avis' own policies and made Avis Liable."   Moreover, Lake Powell's violation of the age requirement constitutes "admissible evidence of negligence."   Plaintiffs rely upon *Grassie v. Roswell Hospital Corp.*, 2011-NMCA-024, ¶ 77, 150 N.M. 283, 258 P.3d 1075, where the Court of Appeals of New Mexico held a hospital policy itself does not set the standard of care in a medical malpractice suit, but failure to act in accordance with one's own internal procedures can

provide evidence of negligence.  In other words, internal rules can be probative in establishing negligence, but violation of internal rules is not negligence per se.  *Id.* ¶ 79.[2]

Plaintiffs highlight that Avis recognizes the 25-year age requirement reflects industry recognition that younger drivers are more frequently involved in auto accidents, so by Avis' own standards none of the young Turkish men were qualified to drive.  Mr. Demir's unfamiliarity with the requirement to yield to oncoming traffic when turning left at a green light reveals he was unfit to drive safely.  In sum, Plaintiffs rest their negligent entrustment claim on this testimony, as well as Mr. Demir's foreign nationality, age, and Lake Powell's failure to obey the minimum age restriction imposed by Avis.

In the Reply, Avis points out Plaintiffs have essentially conceded Avis did not entrust any vehicle to Mr. Demir, so their entire claim rests on their theory of negligent successive entrustments.  Avis contends that renting to an individual younger than a company's own age requirement has not been held to give rise to negligent entrustment.  Avis argues this is especially true when the driver is 21 years old, has a valid driver's license, and has no known driving infractions.  Avis points out Plaintiffs rely upon irrelevant case law in the railroad context, while Avis has provided ample authority from the car rental setting, which uniformly holds that renting to an individual in violation of a company's own rules does not constitute negligent entrustment.  *See Drummond*, 643 F.Supp. at 192 ("The fact that [driver] was under the age of 21, or lacked adequate identification or credit does not reflect directly on his ability to

---

[2] Plaintiffs also rely upon other cases in the railroad context in asserting a violation of an internal rule amounts to probative evidence that Avis' entrustment was negligent.  *See Bryan v. Southern Pacific Co.*, 286 P.2d 761, 765 (Ariz. 1955) (finding railroad safety rules relevant in establishing negligence when railroad employee violated rules); *Fulton v. St. Louis-San Francisco Railway Co.*, 675 F.2d 1130, 1133 (10th Cir. 1982) (court permitted jury to consider as evidence the railroad's failure to comply with its own safety rules).  These cases have been relied upon only in the railroad/personal injury context.  In this case, Plaintiffs do not assert general negligence against Avis, their claims are limited to negligent entrustment and negligent supervision and training.  Moreover, this case does not involve an Avis employee alleged to have violated Avis safety rules, so the Court concludes these cases are not persuasive to the context of negligent entrustment in the car rental context.

operate a car competently"); *Mathews*, 857 P.2d at 857–58 ("If a 16–year–old can lawfully drive a car, a person may entrust a car to a driver who is that age or older without being negligent."). Avis points out that Plaintiffs ignore these relevant cases, and focus instead on case law from the railroad and medical malpractice context to support their claim that Avis' alleged violation of its own rules constituted negligent entrustment.

Avis notes the authority it relies on uniformly holds that even when the rental company has a policy of not renting to drivers under a certain age, it is not a negligent entrustment when the company violates the rule.  *See Drummond*, 643 F. Supp. 190, 191; *Scott*, 722 So. 2d 231, 231.   Other than age and nationality, there is no argument or evidence of Mr. Demir's competency to drive.  Plaintiffs ask this Court to hold that as a matter of law a 21-year-old driver is incompetent solely because he is younger than a purported age requirement.  Avis emphasizes that such a holding would make it *per se* negligent to rent in violation of a purported policy, which is exactly what Plaintiffs agree is not permitted by their own case law.  *See Grassie*, 2011-NMCA-024, ¶¶ 76–77.

Second, Avis replies that Plaintiffs' theory of multiple, successive entrustments is inapplicable here because there is no evidence Avis negligently entrusted a vehicle to Lake Powell, and there is no evidence Lake Powell negligently entrusted a vehicle to Mr. Demir. Avis distinguishes *Deck* because the owner of the entrusted vehicle had been drinking with his two friends, and left the vehicle with them.  *See Deck*, 75 N.W.2d at 101.  The Court explained it was for the jury to determine, under a successive entrustments theory, whether it was negligent for the defendant to leave the vehicle with the two friends.  *Id.* at 93.  Similarly, Avis states *Rogers* is inapplicable and contravenes Plaintiffs' position.  In *Rogers*, the court refused to find

defendant liable for a successive entrustment even when the defendant knew of the driver's drinking problem and prior DUI.  *Rogers*, 460 N.E.2d at 1152.

The Court concludes Avis is entitled to summary judgment on Plaintiffs' negligent entrustment claim.  The claim against Avis is even more far afield than the negligent entrustment claim against Lake Powell for the simple reason that if any entity entrusted a vehicle to Mr. Demir, it would have had to be Lake Powell.[3]  Plaintiffs' entire argument thus rests on their theory of successive, multiple entrustments.  New Mexico does not recognize liability for negligent entrustment premised on successive, multiple entrustments.  Moreover, the non-binding authority Plaintiffs cite is readily distinguishable.

For example, in *Rogers*, the Ohio Court of Appeals did note that "[l]iability can be imposed on a car owner for the negligent actions of an entrustee of the original entrustee if it can be shown that the original entrustment was negligent."  *Id.*  However, the court affirmed summary judgment for the defendant because the link between the original entrustment and the plaintiff's injury was too attenuated.  In *Rogers*, a mother entrusted her car to her daughter, and the son-in-law later drove the mother's car while intoxicated and collided with the plaintiff.  *See id.* at 1151.  The plaintiff sued the mother for negligent entrustment of the vehicle to the daughter on a theory of multiple, successive entrustments.  The court rejected the plaintiff's theory, and distinguished it from other cases where successive entrustments provide a basis for liability when the owner of a car entrusts it to someone else who had been drinking and was going to a bar to continue drinking with another person who subsequently drove the car while intoxicated.  *Id.* at 1152.  In *Rogers*, the court reasoned it "would be unreasonable and speculative" to conclude it was negligent for the mother to entrust the car to her daughter even if the mother knew the son-

---

[3] Mr. Karadeniz rented the cars from Lake Powell, not Avis.  Moreover, the Court found Plaintiffs' negligent entrustment claim against Lake Powell failed because Plaintiffs could not establish two critical elements of their claim.  *See* Doc. 150.

in-law had been drinking and may be likely to use the mother's car. *See id.* Similarly here, it would be speculative to conclude Lake Powell should be liable for entrusting vehicles to a driver with a valid license simply because that driver was under the age of 25.[4]

Likewise, *Drummond* illustrates the weakened nature of Plaintiffs' claim against Avis. There, the United States District Court for the District of Columbia found the defendant car rental agency was entitled to summary judgment on the plaintiff's negligent entrustment claim. The defendant rented a car, fell asleep at the wheel, and collided with the plaintiff's car. *See* 643 F. Supp at 190. The driver did not actually execute the rental agreement, but was permitted to drive by the authorized renter. *See id.* at 190–91. The authorized driver rented the car for the defendant because the defendant did not have a valid license. *See id.* The plaintiff sued the defendant rental agency asserting negligent entrustment when the agency knew the driver was under age 21 and violated a policy of not renting to drivers under age 21. *See id.* at 191. The court found even if the agency knew the driver was under 21, and knew he would be driving the car, "such knowledge would still be insufficient to establish a prima facie case of negligent entrustment." *Id.* The court relied on the same section of the *Restatement* that New Mexico courts rely upon in evaluating negligent entrustment claims. *See id. See also Armenta v. A.S. Horner, Inc.*, 2015-NMCA-092, ¶ 12, 356 P.3d 17 (quoting *Restatement (Second) of Torts* § 390 (1965)).

The court in *Drummond* emphasized negligent entrustment liability is narrow, reasoning it is "limited to situations where the owner had knowledge that the driver did not know how to drive." 643 F.Supp. at 191. The court reasoned that none of the facts, even if known by the

---

[4] Likewise, the Court agrees with Avis that *Deck*, 75 N.W.2d at 102–03 is similarly inapposite because there, the defendant, driver, and third person were excessively drinking together and the defendant left his car with the third person who ultimately let the driver use the car, which caused the accident.

agency, would indicate the unauthorized driver belonged to a "notoriously incompetent class." *Id.* at 192. "The fact that [the driver] was under the age of 21, or lacked adequate identification or credit does not reflect directly on his ability to operate a car competently. [The agency] would not be on notice by virtue of these facts that [the driver] was not a safe driver." *Id.* Accordingly, the agency was entitled to summary judgment.

Lastly, even if New Mexico did recognize the multiple, successive theory of liability, Plaintiffs would still need to show that Lake Powell negligently entrusted a vehicle to Mr. Demir, which they have not done. *See* Doc. 150 (this Court granted summary judgment to Lake Powell on Plaintiffs' claim for negligent entrustment).

Next, Plaintiffs' argument regarding Avis' alleged violation of its own minimum age requirement is not supported by the case law. In fact, relevant decisions from other jurisdictions in the specific car rental context uniformly hold that a car rental company's own rule against renting to drivers under a certain age does not establish the standard of care, and its violation does not constitute negligent entrustment without additional evidence of the driver's incompetence. *See, e.g.*, *Scott*, 722 So.2d at 231, *Mathews*, 857 P.2d at 857–58 ("Without more, an allegation that a person entrusted a car to a person who is under 25 cannot state a claim for negligent entrustment.").

The undisputed facts show Avis simply knew nothing at all about Mr. Demir. Even if Lake Powell's knowledge of Mr. Demir's age and foreign nationality could be imputed to Avis, those facts do not establish Mr. Demir was incompetent to drive or that Avis knew Mr. Demir was incompetent to drive. Mr. Demir's testimony that he did not understand to yield when turning left at a green light does not create any material dispute in this regard, "one or two specific acts of negligence are generally insufficient to establish incompetence since even a

perfectly competent driver occasionally will act negligently." *McCarson v. Foreman*, 1984-NMCA-129, ¶ 20, 102 N.M. 151.

Without evidence of driver incompetence, such as alcohol use or prior driving violations, this Court refuses to find that Mr. Demir's age and nationality render him an incompetent driver. Lake Powell's alleged violation of Avis' age policy does not constitute a negligent entrustment. A successful negligent entrustment claim requires evidence that a driver is incompetent, and the entrustor should have known of the incompetence. Plaintiffs have provided no authority showing that in the negligent entrustment context, a renter knows a driver under age 25 is incompetent when the renter allegedly violates minimum age requirements. *See Scott*, 722 So. 2d at 231 (Plaintiffs could not state a claim for negligent entrustment against car rental company based only on company's decision to rent a car to a driver under 25, contrary to the company's policy establishing 25 as the driver's minimum age.) *Grassie* does not help Plaintiffs in this regard, primarily because it did not consider negligent entrustment but rather medical negligence and negligent credentialing of a physician. There, the Court of Appeals of New Mexico held only that a defendant's violation of its own internal rules can have probative value in establishing negligence, but the rules do not establish the standard of care. *See* 2011-NMCA-024, ¶ 77. Thus, under Plaintiffs' own reading of *Grassie*, they needed to provide this Court with more evidence showing Lake Powell's negligent entrustment for the principle in *Grassie* to even be relevant, which they have not done. Moreover, as Lake Powell appropriately highlights, Plaintiffs have not asserted a general negligence theory against Lake Powell so the relevance of *Grassie* is tangential at best.

Here again, Plaintiffs conflate the elements of negligent entrustment with general negligence principles in attempting to craft their own unique version of the tort. Plaintiffs' novel

theories regarding alleged violations of Avis' internal safety rules and "multiple, successive entrustments" attempt to morph New Mexico negligent entrustment law into something it is not. To prove a negligent entrustment claim against Avis, Plaintiffs must establish:

1. Avis owned the car that caused Plaintiffs' injuries

2. Avis permitted Mr. Demir to drive the car

3. Avis knew, or should have known, Mr. Demir was likely to use the vehicle in a dangerous manner

4. Mr. Demir negligently operated the car

5. Mr. Demir's negligence caused Plaintiffs' injuries

*See* UJI 13-1646 NMRA.  None of these elements provide that a vehicle owner can be liable or that an owner should know an individual is likely to use a vehicle in a manner to create an unreasonable risk of harm because of an alleged violation of an internal safety rule.  Even viewing the facts regarding Lake Powell's alleged violation of Avis' internal rules most favorably to Plaintiffs, they do not establish that Lake Powell knew or had reason to know Mr. Demir was incompetent to drive. A genuine dispute is not created by a mere "scintilla" of evidence favorable to Plaintiffs.  *Anderson*, 477 U.S. at 252.  Rather, "there must be evidence on which the jury could reasonably find for" Plaintiffs.  *Id.*  Whether Lake Powell violated Avis rules has no bearing on whether Avis knew, or should have known, Mr. Demir was likely to use the vehicle in a dangerous manner.  Quite simply, Plaintiffs have presented the Court with no evidence remotely suggesting Mr. Demir was incompetent to drive.  Plaintiffs have not shown Mr. Demir had a history of auto accidents or traffic citations, and they have not even alleged he was under the influence of alcohol or drugs at the time of the accident.

Even viewing Mr. Tennant's testimony most favorably to Plaintiffs, his expert opinions do not present a genuine issue of material fact as to whether Avis negligently entrusted a vehicle

to Mr. Demir.  Mr. Tennant's expert testimony does not demonstrate the need for a trial because it presents no material dispute on whether Avis knew or should have known Mr. Demir was incompetent or whether Mr. Demir was in fact incompetent to drive.  Mr. Tennant opines that Avis and Lake Powell negligently entrusted the vehicle because they allowed drivers under the age of 25 when the standard in the rental industry is *usually* to require drivers be at least 25 because drivers in the 21 to 24 age range have a higher accident rate.  Most problematically for Plaintiffs, Mr. Tennant himself concedes that not all rental agencies require drivers to be 25.  In fact, Avis allows rentals to drivers under 25, with certain conditions.  And, he explains that when businesses do rent to drivers under 25, there are *usually* restrictions and extra charges.  It may very well be true that rental companies often impose a 25 year old age requirement for statistically supported safety reasons.  However, this has no bearing on whether the entrustment here was negligent.  Furthermore, as Mr. Tennant himself explained, not all rental companies require drivers be 25 and in fact there can be exceptions to this rule.

Moreover, Mr. Tennant's testimony offers no need for trial because it does not create a material dispute as to whether Avis negligently entrusted a vehicle to Lake Powell. Mr. Tennant opines that Avis was negligent in allowing Mr. Williams to have discretion in renting vehicles when Avis "knew, or should have known, that in spite of many years in the car rental industry, has a very poor understanding of such basic industry principals as rental qualification policies, [and] underage rental policies."  Doc. 117-5 at 5.  He states Avis "should not have allowed Mr. Williams to rent these vehicles to Mr. Karadeniz" because the accident would not have occurred otherwise.  *Id.*  However, other than the purely speculative nature of this testimony, there is simply no evidence in the record that Avis knew or should have known that Mr. Williams would negligently entrust vehicles to his customers.  New Mexico does not recognize the multiple,

successive theory of negligent entrustment, so Mr. Tennant's testimony regarding Avis allowing Mr. Williams to rent vehicles is immaterial. The decisions from other jurisdictions involving car rental companies that violate age requirements in renting to younger drivers show that even if New Mexico did recognize such a theory of liability, Plaintiffs' claim would still fail.

The Court offers a hypothetical to illustrate why Mr. Tennant's testimony is not material. Avis would be legally entitled to change its rules at any time to impose a 21 year age requirement, even if industry standard remained at 25 years. Avis could freely do so without violating state age requirements for drivers' licenses. Yet, if Avis changed its rules to a 21 year minimum, in each and every instance where a renter got into a car accident and was under age 25, Avis would face liability based on a blanket rule that all drivers under age 25 constitute and unreasonable risk of harm to the public. The tort of negligent entrustment does not reach so expansively. Assuming for Plaintiffs' sake it is true that drivers under 25 have a higher incidence of accidents, this fact does not mean that it is a negligent entrustment to allow a driver under age 25 to drive a car when that driver has presented a valid license and credit card, and has no known history of poor driving or driving under the influence.

Thus, the Court concludes Mr. Tennant's report does not create a genuine issue of material fact on Plaintiffs' claims against Avis. *See Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001) (quoting *Matthiesen v. Banc One Mortgage Corp.*, 173 F.3d 1242, 1247 (10th Cir. 1999)) (The Court can disregard expert testimony if it fails to raise a genuine issue of material fact).[5]

---

[5] Lake Powell moved to strike Mr. Tennant's expert report, arguing Plaintiffs' disclosure was not timely and Lake Powell was prejudiced by the improper disclosure because Plaintiffs disclosed Mr. Tennant long after the close of discovery. Doc. 125. Avis joined in Lake Powell's motion. Doc. 132. Lake Powell appropriately pointed out Plaintiffs to date have not supplemented their prior discovery responses that indicated they had not yet retained an expert on corporate liability. While it is clear to the Court that Plaintiffs' purpose in procuring Mr. Tennant when they did was solely to aid in filing their Response, and that the disclosure may have been untimely and prejudicial to Lake Powell because Lake Powell did not have the opportunity to depose Mr. Tennant or to retain its own expert on

In sum, Plaintiffs' negligent entrustment claim fails because there is no evidence Avis knew or should have known Mr. Demir was incompetent to drive.  Plaintiffs have not established a sufficient factual nexus between Avis and Mr. Demir, so there is no basis to hold Avis liable for negligent entrustment.  Plaintiffs ask this Court to ignore the elements of the tort and infer negligence because Lake Powell allegedly deviated from Avis rental policies.  Plaintiffs improperly attempt to blend a cause of action based on Lake Powell's alleged failure to adhere to Avis' policy into their claim for negligent entrustment.  In doing so, Plaintiffs conflate the issues and impose their own standards onto the narrow and well-established common law tort.  The Court refuses to conclude that all drivers under the age of 25 pose a risk to the public, and will not rule that Avis should have known the drivers were incompetent simply by way of their age and Turkish nationality.  Such a finding conflicts with New Mexico tort law and expands negligent entrustment tort well beyond its recognized bounds.

## II.     Negligent Supervision and Training

Avis argues Plaintiffs' claim for negligent supervision and training fails under each element of the tort.  First, the undisputed facts show Avis was not the employer of anyone involved in the rental transaction.  Second, there is no evidence that Avis knew or should have known that failing to train and/or supervise a licensee would create an unreasonable risk to Plaintiffs.  Third, even if Avis had such a duty to train and supervise Lake Powell, Avis would be liable to the extent that its actions fell below the standard of care for renting a vehicle.  Lastly, Plaintiffs cannot prove causation because the claim depends on the viability of the negligent entrustment claim.  In other words, negligent supervision and training cannot have caused any injury when there is no evidence any employee negligently entrusted a vehicle.  The Court

corporate liability, the Court need not address the Motion to Strike as it is now moot by the Court's decision to grant summary judgment on the claims against Lake Powell and Avis.

considers each argument in turn and concludes there is no genuine issue of material fact that precludes summary judgment on Plaintiffs' claim for negligent supervision and training.

First, Avis points out there is no duty for a licensor to train and supervise its licensee. Under New Mexico law, Plaintiffs have the burden to prove Avis was Lake Powell's employer. UJI 13-1647 NMRA. It is undisputed Lake Powell was Avis' licensee, not its employee. New Mexico has not extended direct claims of negligent supervision and training to licensors or franchisors. Other jurisdictions have only extended such liability in unique situations, which are inapplicable here. Therefore, Plaintiffs' claim summarily fails.

Second, Avis contends even if Plaintiffs could show Avis retained the right to control Lake Powell's operations, there is no evidence Avis knew or should have known that giving Mr. Williams discretion in qualifying renters would create an unreasonable risk of harm. *See* UJI 13-1647. Mr. Williams testified that in the time he operated Lake Powell, there was only one significant auto accident involving a foreigner who rented a vehicle from Lake Powell. Avis argues there is simply no showing here that by renting vehicles to drivers under age 25 and allegedly violating Avis policies, Lake Powell negligently entrusted the vehicles here. Avis points out that other jurisdictions considering the issue have held that negligent entrustment requires much more than violating an age limitation. *See Mathews*, 857 P.2d 852; *Scott*, 722 So.2d 231. Here, there is no evidence Lake Powell's conduct fell below the standard of care in renting vehicles because Mr. Williams required, and obtained, valid drivers' licenses for Mr. Karadeniz and Mr. Tacir, as well as a valid credit card.

Lastly, Avis maintains that Plaintiffs' claim for negligent supervision and training fails because their claim for negligent entrustment fails. Simply put, if there was no negligence on the part of any employee, there cannot be negligent supervision or training on the part of Avis.

Plaintiffs respond that Lake Powell's License Agreement requires Lake Powell to operate in compliance with Avis' Operator Manual, which means Avis retained sufficient control over Lake Powell's operations to render it liable for negligent supervision and training.   The Operator Manual prohibits rentals to drivers under 25 with exceptions that do not apply here.   Avis retained the right to terminate the License Agreement if Lake Powell failed to comply with its terms.   Avis is liable because instead of enforcing the age requirement, it gave Mr. Williams discretion in deciding how to qualify renters, Plaintiffs rely upon a number of decisions from other jurisdictions in support of its contention that the License Agreements imposed sufficient control over Lake Powell's operations to present a genuine issue of fact regarding Avis' liability. For example, in *Wise v. Kentucky Fried Chicken Corp.*, 555 F. Supp. 991, 995 (D.N.H. 1983), an employee was injured when the franchisee purchased defective equipment.   The employee alleged the franchisor was directly liable for his injuries because the equipment manufacturer requested the franchisor to notify its franchisees to take remedial actions, but the franchisor failed to do so.   *Id.* at 992; *See also Whitten v. Kentucky Fried Chicken Corp.*, 570 N.E.2d 1353, 1354 (Ind. App. 1991).   Plaintiffs analogize to these cases dealing with personal injuries of employees in franchisee restaurants, and state the decisions support their argument that the requirements imposed by the License Agreement gave Avis sufficient control over Lake Powell's operations.

Second, Plaintiffs contend Avis knew or should have known rentals to drivers under age 25 posed an unreasonable risk of accidents, so Avis' failure to supervise Lake Powell foreseeably resulted in the Amparans' injuries.   Avis' rules prohibit rentals to drivers under age 25 with inapplicable exceptions.   The prohibition reflects industry standard, explained by Mr. Tennant, that drivers under age 25 pose a greater risk to the public. Therefore, Avis knew or

22

should have known that by allowing departures from its rules, and allowing Lake Powell "unlimited discretion," would create an unreasonable risk of harm to others.

The Court first concludes Plaintiffs' claim for negligent supervision and training fails at a fundamental level because Plaintiffs have not established that Avis negligently entrusted any vehicle to Lake Powell or to Mr. Demir.  *See* Doc. 150 and *supra* § I (this Court granting summary judgment to Lake Powell and to Avis on Plaintiffs' claims for negligent entrustment). Therefore, Plaintiffs' claim for negligent supervision and training cannot survive, because no employer could have done anything that resulted in a negligent entrustment in this matter.

Even if Plaintiffs had established Avis negligently entrusted a vehicle Under New Mexico law, a threshold element of a claim for negligent supervision and training is that an *employee* was acting as defendant's employee at the time of the alleged negligence.  *See Los Ranchitos v. Tierra Grande, Inc.*, 1993-NMCA-107, ¶ 21, 116 N.M. 222.  This includes a showing that the employer "retained the right to control the details" of the employee's work.  *See id.*  The standard is "whether the employer knew or reasonably should have known that some harm might be caused by the acts or omissions of the employee who is entrusted with such position."  *Id.*  Here, the undisputed facts show that neither Mr. Williams nor Lake Powell was an employee of Avis.

Furthermore, there is no material dispute on whether Avis retained the right to control Lake Powell's daily operations and the details of Mr. Williams' work.  Plaintiffs have not provided the Court with any binding or even persuasive authority that holds a licensor has a duty to train and supervise a licensee or franchisee in this context.[6]  The Court declines to extend New

---

[6] The Court agrees with Avis that *Coty*, 373 N.E.2d at 691 does not help Plaintiffs in this regard.  In *Coty* the franchisor had the right to termite the franchise agreement as Avis did here, but this was not enough to confer liability for negligent supervision and training.  The court in *Coty* explained the principal that "a person who possesses a right to supervise the internal operations of another's enterprise, which includes a right to veto an unsafe

Mexico law beyond its well-recognized bounds.   Here, the License Agreement and Rental Manual contain certain provisions regarding purported age requirements but these documents do not provide anywhere that Avis controls Lake Powell's daily operations.   While the documents do contain a purported age requirement of 25 years, it is also undisputed that a licensee manager has the ability to override the 25-year minimum *and* that Avis and/or its licensees may permit drivers under 25 in certain scenarios.   Mr. Honig, Avis' representative, and Mr. Williams both testified more than once that Lake Powell had ultimate discretion on how to qualify a renter.   Mr. Tennant opines that it was negligent to allow a licensee discretion in qualifying a renter. Resolving this conflict in testimony in Plaintiffs' favor, there is still no material dispute that precludes summary judgment because there is no relevant authority providing that a car rental agency commits a negligent entrustment when it rents to a driver in violation of a purported age requirement.  *See supra* § I.

Plaintiffs attempt to create a factual dispute regarding Lake Powell's discretion by pointing to the License Agreement, but the Court finds that nothing in the License Agreement creates any factual dispute as to whether Avis controls Lake Powell's operations.   For example, it is undisputed that the License Agreement provides Avis may terminate the Agreement for violation of its terms, but this is not material to whether Avis retained the right to control the details of Lake Powell's operation.

The cases Plaintiffs rely upon, as Avis appropriately points out, are completely inapposite.  *Wise* and *Whitten* apply to injuries arising out of a franchisees purchase of allegedly

---

procedure, may be liable for the negligent failure to do so, can be applied to the franchise cases. However, this right to interdict unsafe practices must consist of something more than a general right to make suggestions or recommendations or to order the work stopped or resumed." *Id. See also Milwaukee Area Tech. Coll. v. Frontier Adjusters of Milwaukee*, 752 N.W.2d 396, 405 (Wis. App. 2008) (internal citation and quotations omitted) ("a franchisor is not liable under a negligent supervision theory unless it had a right to supervise the internal operations of the franchisee").

defective equipment.  Those decisions involved a franchisor restaurant that had allegedly been informed of defective equipment but did not take action to warn of the alleged defects or take corrective measures.  *Whitten*, 570 N.E.2d at 1355.  The Court is somewhat confused on how these decisions remotely relate to the dispute here when they did not consider claims for negligent supervision and training, but rather dealt with personal injury claims of employees in franchisee restaurants.  Nonetheless, the Court agrees with Avis that there is no material dispute on whether Avis controlled Lake Powell's operations.

Thus, the Court concludes Avis is entitled to summary judgment because the undisputed facts show Avis did not employ Lake Powell or control Lake Powell's internal operations. Finally, Plaintiffs have made no showing that Avis knew or should have known that giving Mr. Williams discretion in renting vehicles would create an unreasonable risk of harm to the public. In other words, Plaintiffs have offered no material factual dispute that allowing licensees discretion to rent vehicles to drivers under age 25 constitutes negligent supervision.  To the contrary, the undisputed facts in the record contain absolutely nothing that indicates to the Court that Avis knew, or had reason to know, Mr. Williams was exercising his discretion in qualifying renters in an unreasonable or unsafe manner.  The undisputed facts show Mr. Williams operated Lake Powell for many years.  He had previously rented to drivers under the age of 25, though it was not common.  He had also previously rented vehicles to individuals from other countries, but only once did a foreign driver have an accident.  Plaintiffs attempt to manufacture a factual dispute in this regard by claiming that Avis' instructions and corporate policies were confusing, inconsistent, and contradictory, and Mr. Williams was confused about the degree of discretion he retained.

25

Plaintiffs also rely on the testimony of their expert, Mr. Tennant, to manufacture a dispute as to whether it was negligent for Avis to allow Lake Powell to exercise discretion in qualifying renters.  Mr. Tennant testified that although rental industry standard generally requires renters to be at least 25 years old, "**many** rental businesses will only rent to persons over 25." He also explained that "**if** a business does rent to drivers under 25 years of age, there are **almost always restrictions**."  Doc. 117-5 at 2 (emphasis added).  Plaintiffs own expert agrees that exceptions certainly exist to the 25-year age limit.  Even viewing these facts most favorably to Plaintiffs, they do not create any material dispute over whether by giving Mr. Williams discretion, Avis somehow knew or should have known that Mr. Williams would negligently entrust vehicles to his customers.  *See Valdez v. Warner*, 1987-NMCA-076, ¶ 11, 106 N.M. 305 (plaintiff must produce evidence that (1) "the employee was unfit, considering the nature of the employment and the risk he posed to those with whom he would foreseeably associate" and (2) "the employer knew or should have known that the employee was unfit" but failed to take appropriate action).  Moreover, the Court already found neither Avis nor Lake Powell negligently entrusted any vehicles.  Thus, Plaintiffs' claim for negligent supervision and training fails and Avis is entitled to summary judgment.  *Celotex,* 477 U.S. at 323 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and thus, the moving party is entitled to judgment as a matter of law).

Accordingly, the Court finds that Avis' Motion for Summary Judgment on Plaintiffs' Claim for Negligent Entrustment and Motion for Summary Judgment on Plaintiffs' Claim for Negligent Supervision and Training are well-taken, and therefore **GRANTED**.  Plaintiffs' claims against Avis are hereby dismissed **WITH PREJUDICE**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE