IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDMUNDO AMPARAN and
KIMBERLY L. AMAPARN,

      Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　　No.  1:15-cv-00045 WJ/GJF

MEVLUT BERK DEMIR,
DENIZCAN KARADENIZ,
AVIS RENT A CAR SYSTEM, LLC
LAKE POWELL CAR RENTAL COMPANIES
an Arizona Limited Liability Company, PV HOLDING
CORPORATION, a Delaware Corporation,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT PV HOLDING CORPORATION'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM FOR MANDATORY STATUTORY LIABILITY**

THIS MATTER comes before the Court on Defendant PV Holding Corporation's Motion for Summary Judgment on Plaintiffs' Claim for Mandatory Statutory Liability (**Doc. 108**) filed November 4, 2016.  Having reviewed the relevant pleadings and the applicable law, and the oral arguments of counsel presented at the hearing on February 8, 2017, the Court finds the Motion for Summary Judgment is well-taken, and is therefore **GRANTED.**

BACKGROUND

Plaintiffs Edmundo and Kimberly Amparan bring a claim for mandatory statutory liability against Defendant PV Holdings Corporation ("PV") under the New Mexico Mandatory Financial Responsibility Act ("MFRA"), NMSA 1978, § 66–5–201 *et seq*.  PV was the registered owner of the Dodge Caravan and the Ford Mustang at the time of the auto accident

alleged in Plaintiffs' Complaint.[1]  Plaintiffs allege PV is required to maintain automobile insurance on the two vehicles and that PV violated MFRA by failing to ensure that the vehicles were insured.

The undisputed facts are that the vehicles were rented in Arizona by Avis.  PV self-insured the vehicles in Arizona.  *See* Arizona Department of Transportation Certificate of Automobile Self-Insurance, Doc. 116-1.  PV is also self-insured in California.  *See* Doc. 116-1.  While PV is self-insured in those two states, it is covered in New Mexico by an insurance policy issued by CNA.  This policy provides limits of $10,000 each person and $20,000 each accident for bodily injury, and $5,000 each accident for property damage.  The policy explicitly provides coverage for "statutory minimum financial responsibility limits whichever is greater."  Doc. 146-3 at 5.  The policy was in effect on the date of the accident, July 14, 2014.  *Id*. at 7.

It is undisputed the vehicles are not registered in New Mexico, and the vehicles are not owned by an entity located in New Mexico.  In other words, the only connection the two vehicles have to New Mexico is that they were driven through New Mexico and one was involved in an auto accident in New Mexico.

PV filed a Motion for Summary Judgment on Plaintiffs' Claim for Mandatory Statutory Minimum (Doc. 108) on November 4, 2016.  Plaintiffs filed a Response (Doc. 116) on December 13, 2016.  PV filed a Reply (Doc. 146) on February 7, 2017.  At the hearing, the Court granted Plaintiffs permission to file a Surreply.  Plaintiffs filed the Surreply on February 21, 2017 (Doc. 155).

---

[1] PV owns the two vehicles that were rented to Defendant Denizcan Karadeniz by Defendant Lake Powell Car Rental Companies in Page, Arizona.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 922 F.3d 1033, 1036 (10th Cir. 1993) (citations omitted). Once the moving party meets its initial burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted).

A fact is material if it could have an effect on the outcome of the suit. *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014). A dispute over a material fact is genuine if the evidence presented could allow a rational jury to find in favor of the nonmoving party. *EEOC v. Horizon/CMS Heathcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). A court is to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). A court cannot weigh the evidence and determine the truth of the matter, but instead determines whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and thus, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

## DISCUSSION

PV argues it did in fact have insurance up to the required level and that the policy was produced to Plaintiffs previously in PV's initial disclosures on June 23, 2016. *See* Doc. 85. Moreover, civil liability is not a remedy for violating MFRA. Section 66–5–205(E) does not identify a private remedy for civil liability. Thus, the Court should enter summary judgment in PV's favor because it satisfied MFRA.

Plaintiffs counter that PV has produced documents from Arizona and California showing it is self-insured in those states, PV has not produced any similar certificate issued by New Mexico showing requisite financial responsibility. Plaintiffs argue Sections 66–5–205(A) and (B) require evidence of financial responsibility and PV has not provided any evidence that New Mexico has accepted PV as a permitted self-insured entity. Plaintiffs contend PV's disclosure illustrates a genuine issue of material fact as to whether PV is in compliance with MFRA.

Plaintiffs do not respond to PV's argument that MFRA does not authorize a private civil remedy to force compliance with the statute's provisions. Plaintiffs do point out their purpose in bringing a claim for violation of MFRA was to ensure that PV abide by the requirements of New Mexico law that PV has insurance on the two vehicles and that it be able to pay a portion of any judgment Plaintiffs may be awarded in this case. Plaintiffs point out PV has failed to show it complied with New Mexico law, so its motion should be denied.

In the Reply, PV notes that it has an auto insurance policy that initially identifies Avis as the named insured, but then goes on to name PV as a named insured in the very first policy endorsement. *See* Doc. 146-3 at 2, 6. Thus, PV has established it procured coverage for the vehicles in question. The Court agrees, and concludes there is no genuine issue of material fact

as to whether PV had insurance coverage for the vehicle involved in the accident that is the subject of Plaintiffs' Complaint.

In the Surreply, Plaintiffs ask the Court to hold PV's Motion for Summary Judgment in abeyance for up to thirty days to give the parties the opportunity to resolve the MFRA claim. The Court denies Plaintiffs request to defer ruling, because MFRA does not authorize private, civil penalties. Plaintiffs never address this point in any of their briefing.

Plaintiffs also claim that PV Holdings has not come forward with uncontroverted evidence that the Dodge Caravan and Ford Mustang were insured, which the Court finds confusing given that PV attached the CNA insurance policy to its Reply, and unequivocally explained at the hearing that PV indeed has liability insurance covering the vehicles.

**I.      MFRA Does Not Authorize Private Penalties**

MFRA does not authorize private suits for civil remedies. Rather, the statute provides only for criminal penalties in the event an owner does not comply with MFRA's provisions. MFRA provides that a vehicle owned or operated in New Mexico must be insured or the owner must otherwise have evidence of financial responsibility. *See* § 66–5–205(A). MFRA was enacted to "require residents of New Mexico who own and operate motor vehicles upon the highways of the state either to have the ability to respond in damages to accidents arising out of the use and operation of a motor vehicle or to obtain a motor vehicle insurance policy." § 66-5-201.1.

By way of penalties, MFRA provides that "[a]ny person who violates the provisions of this section is guilty of a misdemeanor." *Id.* § 66–5–205(E). Also, Section 66–5–205.1 sets forth the procedure a law enforcement officer must follow when an individual is cited for failure to comply with MFRA. Thus, the statute only provides for criminal penalties as a result of

violating the insurance requirements. On this basis, the Court finds PV is entitled to summary judgment on Plaintiffs' claim for mandatory statutory liability. Indeed, Plaintiffs did not address this argument in the Response or in the Surreply, so the Court concludes Plaintiffs have conceded to PV's argument in this regard. *See Chavez v. New Mexico*, 397 F.3d 826, 839 (10th Cir. 2005) ("Without a specific reference, [the court] will not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury."); *See also* Fed. R. Civ. P. 56(e)(3).

Moreover, it appears to the Court that Plaintiffs are essentially asserting a claim against PV for vicarious liability based on the simple fact that PV owned the vehicle involved in the car accident underlying Plaintiffs' Complaint. Plaintiffs' claim fails because MFRA does not render a vehicle owner vicariously liable for injuries caused by another driver's operation of the vehicle. In *Maya v. Gen. Motors Corp.*, 953 F. Supp. 1245, 1248 (D.N.M. 1996), the court noted that the New Mexico Supreme Court has not addressed whether MFRA renders vehicle owners vicariously liable for injuries their vehicles cause while being driven by another. "Rather, the Court finds that the plain language of the MFRA requires anyone who owns or operates a motor vehicle within New Mexico to obtain liability insurance for that vehicle before operating or permitting the operation of it." *Id.* (quoting § 66–5–205). In *Maya*, the district court dismissed the plaintiff's claim that the defendant was vicariously liable under MFRA for his injuries because the defendant owned the vehicle that caused the injuries. *Id.* The court reasoned MFRA exists to ensure that New Mexico residents who own or operate motor vehicles in New Mexico have the ability to respond in damages to motor vehicle accidents, not that they *actually* respond in damages. *Id.* Likewise here, to the extent Plaintiffs attempt to assert a vicarious liability claim against PV based on its mere ownership of a vehicle, the claim fails as a matter of law.

## II. PV Has Demonstrated Evidence of Ability to Respond in Damages

Finally, even if MFRA did authorize a private cause of action, the undisputed facts show PV has demonstrated the ability to respond in damages for the auto accident. It is undisputed that PV has procured auto insurance for the vehicles in question, and it is undisputed that the bodily injury and property damage limits comply with MFRA. *See* Doc. 146-3. Simply put, MFRA does not need to be enforced in the first place because PV does have auto insurance that complies with MFRA's minimum amount. There are no facts on which a reasonable jury could find for Plaintiffs in this regard. Thus, PV is entitled to summary judgment.

Accordingly, the Court finds that PV's Motion for Summary Judgment on Plaintiffs' Claim for Mandatory Statutory Liability (**Doc. 108**) is well-taken because MFRA does not authorize private penalties. Therefore, **IT IS ORDERED** that PV's Motion for Summary Judgment is **GRANTED**. Plaintiffs' claims against PV are hereby dismissed **WITH PREJUDICE**.

_____
UNITED STATES DISTRICT JUDGE